**UNITED STATES of America ex rel. F. Kevin BUTLER, Plaintiffs,**

v.

**MAGELLAN HEALTH SERVICES, INC., a/k/a Charter Medical Corporation, et al., Defendants.**

No. 8:97–CV–1925–T–17B.

United States District Court, M.D. Florida, Tampa Division.

June 20, 2000.

Andrew Grosso, Law Office of Andrew Grosso, Washington, DC, Paul B. Catania, Catania & Catania, P.A., Tampa, FL, Todd Alan Foster, Cohen, Jayson & Foster, Tampa, FL, for F. Kevin Butler, plaintiff.

James J. Kennedy, III, Buchanan Ingersoll, P.C., Tampa, FL, for Magellan Health Services, Inc., Charter Behavioral Health System of Tampa Bay, Inc., Florida Health Facilities, Inc., Charter Glades Behavioral System, Inc., Charter Springs Behavioral Health System, Inc., Charter Kissimmee Behavioral Health System, Inc., Charter Behavioral Health System at Manatee Adolescent Treatment Service, Inc., Charter Behavioral Health System of Bradenton, Inc., defendants.

Gregg Darrow Thomas, Kimberly A. Stott, Holland & Knight, LLP, Tampa, FL, David S. Bralow, Holland & Knight—

Maguire, Voorhis & Wells, LLP, Orlando, FL, for The Tribune Company, movant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss Second Amended Complaint (Dkt.72), Defendants' Amended Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint (Dkt.73), Plaintiff's Response to Defendants' Motion to Dismiss Second Amended Complaint (Dkt.74), and Defendants' Reply (Dkt.77). Defendants allege that the Second Amended Complaint fails to plead fraud with particularity as required under Fed.R.Civ.P. 9(b).

### FACTS

Plaintiff filed this action against Defendant under the "qui tam" provision, 31 U.S.C. § 3730 of the False Claims Act (FCA) 31 U.S.C. §§ 3729–3733 (1994), alleging fraud by Defendants, Magellan Health Services, Inc., Charter Behavioral Health Systems of Tampa Bay, Inc., Charter Glades Behavioral Health System, Inc. Ft. Myers, Florida, Charter Springs Health System, Inc., Ocala, Florida, Charter Kissimmee Behavioral System, Inc., Orlando, Florida, Charter Behavioral System at Manatee Adolescent Treatment Service, Inc. Charter Behavioral Health System of Bradenton, Inc., and Florida Health Facilities, Inc.

Plaintiff Butler was employed by Charter Behavioral Health System of Tampa Bay, Inc, as its Medical Director, and by Texas Magellan Health Service, Inc., as its Regional Medical Director.

Plaintiff alleges that Defendants submitted fraudulent claims to the U.S. Department of Health and Human Services (HHS) under Medicare, and to the Department of Defense (DOD) under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS), in order to obtain benefits and accreditation to which they were not lawfully entitled. Further, Plaintiff alleges that Defendants fraudulently extended and reduced the duration of patient stays without regard to medical necessity, presenting false certification to HHS and DOD to enhance benefits and meet certain state accreditations. Plaintiff also alleges that Defendants encouraged unnecessary patient admissions by waiving Medicare deductibles and CHAMPUS co-payments, then submitting false claims derived from these unnecessary admissions. Plaintiff alleges that Defendants implemented a business strategy so as to undermine his position, and which resulted in Plaintiff's constructive discharge.

Prior to this action, Plaintiff filed an action in state court on March 16, 1994 against Charter Medical Corporation and its parent company, Magellan Health Services, for breach of contract, tortious interference with contract and breach of covenant of good faith and fair dealing. The state court case has largely been dismissed. Three years after filing the state lawsuit, Plaintiff filed this qui tam action under seal in accordance with statute, pending the decision of the Department of Justice to intervene. On November 13, 1998, the Department of Justice declined to intervene in this action. (Dkt.40).

On September 15, 1998, Plaintiffs filed an Amended Complaint alleging that Defendants defrauded the United States by submitting fraudulent claims to the United States Department of Health and Human Services Medicare Program and the Department of Defense Civilian Health and Medical Program of the Uniformed Services in order to maximize insurance benefits by extending or reducing the length of patients' hospitalization when it was not medically necessary. (Dkt.38).

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, arguing, among other things, that Plaintiffs did not have standing and averments of fraud were not specifically plead in accord with Fed.R.Civ.P. 9(b). The Court entered an Order granting Defendants' Motion to Dismiss. (Dkt.65). In that Order, this Court

found that allegations of fraud were not plead with particularity pursuant to Rule 9. (Dkt.65). The Court permitted Plaintiffs to amend the Complaint to correct the deficiencies relating to pleading allegations of fraud with particularity. (Dkt.65).

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Conley v. Gibson,* 355 U.S. 41, 45–46 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); See also *Interfase Marketing v. Pioneer Technologies Group,* 774 F.Supp. 1355, 1356 (M.D.Fla.1991).

## DISCUSSION

### I. Requirement to Plead Fraud With Particularity

Rule 9(b), Federal Rules of Civil Procedure, states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed.R.Civ.P. Rule 9(b).

Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: (1) provide defendants with sufficient notice of what the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect the defendant from unfounded accusations of immoral or otherwise wrongful conduct. *Knight v. E.F. Hutton and Co., Inc.,* 750 F.Supp. 1109, 1114 (M.D.Fla.1990).

When pleading fraud, the plaintiff should generally identify the individuals who made the alleged misrepresentation, the time of the alleged fraud and the place of the alleged fraud. See *Anthony Distribs., Inc. v. Miller Brewing Co.,* 904 F.Supp. 1363 (M.D.Fla.1995).

While Rule 9(b) requires particularity when pleading fraud, Rule 9 must be read in conjunction with the notice pleading requirements of Rule 8, Fed.R.Civ.P. when evaluating averments of fraud under the FCA. See *Durham v. Business Mgmt. Assocs.,* 847 F.2d 1505, 1511 (11th Cir.1988). Accordingly, parties must not only plead fraud with particularity but conform such pleadings of fraud to Rule 8.

The Eleventh Circuit Court of Appeals has held that: "Allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." *Durham v. Business Management Associates,* 847 F.2d 1505, 1512 (11th Cir.1988).

Rule 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud. See *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir.1997).

In the case of allegations of widespread fraud, courts will adhere to a relaxed standard. Courts will only apply this relaxed standard only when the plaintiff alleges that the "necessary information lies within the defendant's control" and includes a "statement of facts upon which the allegations are based." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.,* 755 F.Supp. 1040, 1052 (S.D.Ga. 1990).

This relaxed standard does not obviate the duty of the plaintiff to fully plead fraud allegations. See *Anthony Distribs., Inc. v. Miller Brewing Co.*, 904 F.Supp. 1363, 1366 (M.D.Fla.1995). In *Anthony*, the court reasoned that even though the Plaintiff alleged a time-frame and the identity of individuals who may have made fraudulent representations, the failure to adequately plead the contents of the alleged fraudulent representations was fatal to the allegations even in light of the relaxed standard. *See Id.*

■ In paragraphs 66–68 and 75–77 of the Second Amended Complaint, Plaintiff alleges additional specific facts that expand upon the general allegations in the Amended Complaint. Specifically in paragraph 66, Plaintiff alleges that Terry Fields requested that a doctor seek patient clinical information for the purposes of certifications of patients with remaining benefits. In paragraph 67, Plaintiff alleges that "administrative staff" were directed to pressure Dr. Juan Rodriguez to rescind a discharge order of a patient whose discharge was medically appropriate. Plaintiff further alleges that Fields directed Sylvia Evans to remove a discharge order of Dr. Rodriguez. In paragraph 68, Plaintiff alleges that Fields directed Dr. Butler to encourage Dr. Alquizola to lengthen patient stays. In paragraph 75, Plaintiff alleges that Fields diverted patients from Charter Tampa due to Dr. Alquizola's failure to heed the directive of Fields to extend patient says. In paragraph 76, Plaintiff alleges that Charter diverted patients from Dr. Butler, as he would not unnecessarily lengthen stays of patients in order to maximize benefits. In paragraph 77, Plaintiff alleges that Charter admitted patients without obtaining physician consent.

While these allegations are illustrative of the type of fraud Plaintiff alleges, none of these facts address any false claim or any document bearing a false claim on the part of the Defendants. Accordingly, amendments to the Amended Complaint do not satisfy the Rule 9(b) requirements.

Using the *Blue Cross* analysis, the allegations of fraud plead by Plaintiff fail to meet the Rule 9 threshold. Again, *Blue Cross* requires "precisely what [false or fraudulent] statements were made in what documents or oral representations ...", the time and place of such statement, the content of such statement and what the Defendants obtained as a result of the fraud. See *Brooks*, 116 F.3d at 1371. Plaintiff pleads generally and never references or produces any such documents which would support false claims to the government. Similarly, there are no time or place allegations relating to false claims. Additionally, Plaintiff has plead no facts relating to content of any false claims or the manner in which they were submitted. Finally, Plaintiff fails to plead what the defendants received specifically as a result of the alleged fraud.

The most significant omission in the course of Plaintiff's false claim allegation is the absence of any documents or forms which Plaintiff claims contains some fraud.

Defendants correctly argue that Plaintiff merely alleges a scheme of fraud, and not specific occurrences or facts which support this general scheme. In *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1055 (S.D.Ga.1990), the court found that the complaint, which provided a detailed description of a fraudulent scheme employed by the defendant, would not satisfy Rule 9(b), as there were no specific allegations of facts that would support such fraud claims.

Applying *Stinson* to this case, the Court notes the similar facts. Plaintiff does plead a fraudulent scheme of conduct which may well be prohibited by law. However, Plaintiff pleads no specific occurrences of a false claim. As in *Stinson*, the absence of specific allegations of fraudulent false claims is determinative. Here, it would be beneficial to introduce a chain of events with some documentary reference. At no time did Plaintiff plead that a specific insurance claim form for any patient was

fraudulent. Such specificity would have gone a long way toward establishing false claims.

### CONCLUSION

The Court concludes that Plaintiff has not plead allegations of fraud with sufficient particularity. Specifically, the absence of even one false claim is conspicuous. The Court grants Defendants' Motion to Dismiss Second Amended Complaint. Plaintiff has had the opportunity to amend his complaint to plead with particularity, and has not done so. Any further opportunity to amend is futile. Accordingly, it is

**ORDERED** that the Motion to Dismiss Second Amended Complaint (Dkt.72) is **granted,** with prejudice, and the Clerk of Court shall enter a final judgment for Defendants.