**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES ex rel.
GEORGE R. SCHWARTZ, M.D.,

   Plaintiff - Appellant,

  v.

COASTAL HEALTHCARE GROUP,
INC., nka Coastal Physician Group,
Inc.; COASTAL EMERGENCY
SERVICES MANAGEMENT GROUP,
INC.; COASTAL PHYSICIAN
CONTRACT SERVICES GROUP,
INC.; COASTAL PHYSICIANS
SERVICES, INC., nka CHG
Properties, Inc.; COASTAL
EMERGENCY SERVICES OF THE
WEST, INC.; COASTAL
PHYSICIANS SERVICES OF THE
MIDWEST, INC.; COASTAL
EMERGENCY SERVICES OF
GEORGIA, INC.; COASTAL
PHYSICIAN SERVICES OF THE
SOUTHEAST, INC.; COASTAL
EMERGENCY MEDICAL
SERVICES, a professional
corporation,

   Defendants - Appellees.

No. 99-3105

(D. Kansas)

(D.C. No. CV-98-1120-JTM)

---

**ORDER AND JUDGMENT**  *

---

  *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

               (continued...)

Before **MURPHY** and **ANDERSON** , Circuit Judges, and **KANE** [**], District Judge.

Plaintiff United States, *ex relatione* , George R. Schwartz, M.D., appeals the dismissal of this action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733. Those provisions permit private individuals, acting on behalf of the United States, to bring actions against individuals or entities who have allegedly presented false or fraudulent claims to the federal government. The Act contains a jurisdictional bar, however, prohibiting *qui tam* suits based on publicly disclosed information unless the person suing is an "original source" of that information. 31 U.S.C. § 3730(e)(4)(A).

Dr. Schwartz, as relator, alleges that defendants Coastal Physician Services, Inc. and various related entities (collectively "Coastal") have presented false or fraudulent claims in the course of violating certain provisions of the Medicare Act. The district court dismissed all of Dr. Schwartz's claims, concluding that it lacked subject matter jurisdiction because Dr. Schwartz's accusations were based

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation.

-2-

upon allegations he had previously publicly disclosed and as to which he was not an original source. We affirm, although on different grounds than the district court.

**BACKGROUND**

Dr. Schwartz is an emergency medicine physician who has practiced emergency medicine in California and New Mexico since 1967. He has published articles critical of the care provided by hospital management companies. Coastal Physician Group, Inc. is the parent corporation of various subsidiary and affiliated entities that contract to provide hospitals with emergency room physicians.

In this *qui tam* action, Dr. Schwartz alleges that Coastal has, since 1985, violated the Medicare Anti-Kickback provisions, 42 U.S.C. § 1320a-7b, by inducing referrals of Medicare and other government medical healthcare patients from physicians and others through its contractual arrangements with hospitals, physicians, and others. He further alleges that Coastal has violated § 1320a-7a(a)(2) by violating the anti-assignment provisions of 42 U.S.C. § 1395u(b)(6). [1] Dr. Schwartz asserts that collecting Medicare payments in violation of §§ 1395u(b)(6) and 1320a-7a(a)(2) and in violation of the Anti-

---

[1] 42 U.S.C. § 1395u(b)(6) prohibits, with certain exceptions, the reassignment of physicians' Medicare claims.

Kickback provisions of § 1320a-7b constitutes the making of false or fraudulent claims, prohibited by the False Claims Act.

As required by § 3730(b)(2) of the False Claims Act, Dr. Schwartz provided the government with a copy of his complaint and a written disclosure at the time he filed his complaint. [2] The government declined to intervene and the district court ordered the complaint unsealed and served on Coastal. The complaint so served was, in fact, Dr. Schwartz's third amended complaint. [3]

Defendants subsequently moved to dismiss the complaint or, alternatively, for a more definite statement, arguing: (1) the district court lacked subject matter jurisdiction over the complaint because § 3730(e)(4) of the False Claims Act specifically bars all *qui tam* actions based upon publicly disclosed information

---

[2]The complaint was originally filed in United States district court in New Mexico. It was subsequently transferred to the United States district court in Kansas.

[3]Dr. Schwartz is no stranger to this court. He and another doctor were relators in another *qui tam* action making allegations similar to those in this case against a different group of medical entities, with respect to which we affirmed the district court's dismissal for lack of subject matter jurisdiction. United States *ex rel.* Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156 (10th Cir. 1999). Dr. Schwartz also filed an action against one of the defendants in this case, Coastal Physician Group, Inc., alleging malicious prosecution, abuse of process, defamation, and other causes of action, which, in turn, arose out of Coastal Physician Group's prior lawsuit against Dr. Schwartz, filed in North Carolina state court, alleging libel, slander, and unfair and deceptive trade practices. The state court action was dismissed. We affirmed the grant of summary judgment to Coastal Physician Group, Inc. in the malicious prosecution case. Schwartz v. Coastal Physician Group, Inc., No. 98-2085, 1999 WL 89037 (10th Cir. Feb. 23, 1999) (unpublished).

unless the relator is an "original source" of the information, and Dr. Schwartz had previously publicly disclosed certain allegations against Coastal as to which he was not the original source; and (2) the third amended complaint fails to comply with Fed. R. Civ. P. 9(b) which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Dr. Schwartz then sought and was granted leave to file a fourth amended complaint, which implicitly resolved defendants' motion for a more definite statement.

The district court dismissed the action, concluding that Dr. Schwartz had publicly disclosed his allegations against Coastal when he previously testified as an expert in a medical malpractice case in Georgia state court, and that he was not the "original source" of the information contained in that public disclosure because "it is apparent that his knowledge underlying the allegations is not based on first-hand observation, but upon reviewing various memoranda relating to Coastal, including an Inspector General Report." Memorandum Order at 4, Appellant's App. at 68. The court also held that

> even if a person otherwise has information which might entitle her to original source status, that status is lost if the relator voluntarily discloses the information publicly before notifying the government of her allegations [and] [h]ere, it is uncontroverted that there was no attempt to notify the government of the allegations against Coastal until long after the disclosures in the [state court] matter.

Id. With respect to Dr. Schwartz's fourth amended complaint, the court concluded "that the amendment does nothing to correct the jurisdictional defect created by the earlier public disclosures addressed above." Memorandum Order at 5, Appellant's App. at 69.

Dr. Schwartz appeals, arguing: (1) the district court erred by dismissing his entire action pursuant to the jurisdictional bar of 31 U.S.C. § 3730(e)(4) when two of his three claims were not publicly disclosed; (2) the district court erred in requiring a proposed relator to provide notice to the United States before he makes any public disclosure; and (3) the district court erred in finding that Dr. Schwartz made public disclosures in his deposition testimony. Defendants argue the district court correctly applied the jurisdictional bar to the allegations of illegal kickbacks, and that the entire fourth amended complaint is subject to dismissal for failure to comply with Rule 9(b). We affirm on the basis that the complaint fails to satisfy Rule 9(b).

## DISCUSSION

Initially, we must determine our standard of review of the district court's decision. Defendants sought dismissal of the action for lack of subject matter jurisdiction under the relevant False Claims Act provision, 31 U.S.C. § 3730(e)(4). That section governs the district court's subject matter jurisdiction.

"Jurisdictional challenges brought under that section arise out of the same statute creating the cause of action (i.e., the False Claims Act) and are thus necessarily intertwined with the merits of the case." United States *ex rel.* Hafter v. Spectrum Emergency Care, 190 F.3d 1156, 1159 (10th Cir. 1999); United States *ex rel*. Fine v. MK-Ferguson Co., 99 F.3d 1538, 1543 (10th Cir. 1996). Accordingly, "the court's jurisdictional inquiry should be resolved under Federal Rule of Civil Procedure 12(b)(6) or, after proper conversion into a motion for summary judgment, under Rule 56." Hafter, 190 F.3d at 1159.

In this case, it is not completely clear from the record how the court treated defendants' motion, although the lack of any reference to conversion of the motion to one for summary judgment suggests that the court treated the motion as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). However, given the fact that "defendants' motion to dismiss did not simply attack the facial validity of the complaint; rather it raised a factual challenge to the existence of subject matter jurisdiction," and because it appears the district court relied on some evidentiary materials submitted by the parties, "defendants' motion to dismiss should have been treated as one for summary judgment." United States *ex rel.* Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir. 1996). We therefore consider defendants' motion as one for summary judgment under Fed. R. Civ. P. 56(c), which we review de novo. Id.

Additionally, "we may affirm a grant of summary judgment on any ground adequately supported by the record." Z.J. Gifts D-2, L.L.C. v. City of Aurora, 136 F.3d 683, 685 (10th Cir. 1998).

Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Its heightened pleading requirement applies to actions under the False Claims Act. See United States *ex rel.* Russell v. Epic Healthcare Management Group, 193 F.3d 304, 308 (5th Cir. 1999); Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999); United States *ex rel.* Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1998); Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-77 (2nd Cir. 1995) (collecting cases). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." Thompson, 125 F.3d at 903 (quoting Williams v. WMX Tech., Inc., 112 F.3d 175, 179 (5th Cir. 1997)); see also Harrison, 176 F.3d at 784 ("[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby.'") (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Dr. Schwartz argues that Rule 9(b)'s pleading requirement is relaxed when the alleged fraudulent conduct involves numerous occurrences or takes place over an extended period of time, or "in cases of corporate fraud where a plaintiff cannot be expected to have personal knowledge of the facts constituting wrongdoing." Appellant's Reply Br. at 9. Although courts have, in certain circumstances, relaxed the requirements of Rule 9(b), we agree with the Thompson court which cautioned, "this exception 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'" Thompson, 125 F.3d at 903 (quoting Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1068 (5th Cir. 1994)).

Additionally, while we have acknowledged that "'[a]llegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge,'" even in such situations the complaint must "set[] forth the factual basis for the plaintiff's belief." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1237 (10th Cir. 2000) (quoting Scheidt v. Klein, 956 F.2d 963, 967 (10th Cir. 1992)), cert. denied, 2000 WL 949074, 68 U.S.L.W. 3023 (U.S. Oct. 10, 2000), and cert. denied, 2000 WL 1201643, 69 U.S.L.W. 3128 (U.S. Oct. 10, 2000). See Thompson, 125 F.3d at 903 ("[E]ven where allegations are based on information and belief, the complaint must set forth a factual basis for such belief."); see also Kowal v. MCI Communications Corp., 16 F.3d 1271,

1279 n.3 (D.C. Cir. 1994); Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993); United States *ex rel.* Butler v. Magellan Health Servs., Inc., 74 F. Supp. 2d 1201, 1216 (M.D. Fla. 1999) ("[T]he relaxed standard does not remove the plaintiff's duty to adequately plead the content of the alleged fraudulent representations and the places where the activity was to have occurred."). "A special relaxing of Rule 9(b) is a *qui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate." Russell, 193 F.3d at 309.

We note that the precise procedural posture of this case, as it relates to the complaint's compliance with Rule 9(b), is somewhat unusual. Defendants filed a motion to dismiss Dr. Schwartz's third amended complaint on both jurisdictional grounds and for failure to comply with Rule 9(b) and they sought, alternatively, a more definite statement. Dr. Schwartz then filed his fourth amended complaint, which included new assertions in support of his causes of action. The district court subsequently dismissed the fourth amended complaint on jurisdictional grounds, without needing to reach the issue of whether the complaint satisfied Rule 9(b).

While ordinarily we prefer to let the district court rule first on matters, we may affirm its grant of summary judgment on any basis supported by the record. Moreover, a Rule 9(b) deficiency may be resolved by summary judgment. See Murr Plumbing Co. v. Scherer Bros. Fin. Servs., 48 F.3d 1066, 1070 (8th Cir.

1995) ("A district court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b)."). Furthermore, to determine whether the pleadings satisfy Rule 9(b), we need only look directly at the pleadings, which we are as capable of doing on appeal as the district court is in the first instance. And the issue was clearly raised below; the district court simply ruled in a way that obviated the need to resolve the issue. In this situation, we may consider the propriety of Dr. Schwartz's pleadings under Rule 9(b). See Harrison , 176 F.3d at 783 n.5 (noting that "[a]lthough the district court did not dismiss Harrison's complaint under Rule 9(b), lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6). Also both parties presented arguments under Rule 9(b) to the court below, and in their briefs here. So it is appropriate for us to address the validity of [plaintiff's] pleadings under Rule 9(b).")

After carefully examining the fourth amended complaint, we conclude that it fails to satisfy Rule 9(b). In his claim that the anti-kickback laws were violated, Dr. Schwartz alleges that Coastal entered into "contracts" with "hospitals" from 1985 until the present time. In paragraph 33 he identifies a standard contract which he alleges one of the Coastal entities "developed" "as early as 1991" and continued to use "with little or no change through at least 1994." Fourth Amended Complaint ¶ 33, Appellant's App. at 50-51. He does not

-11-

identify any particular hospital or physician who signed such an agreement, nor does he identify any time when a false or fraudulent claim was presented. In Thompson, the court affirmed the district court's dismissal of a complaint for failure to comply with Rule 9(b), noting that the district court found that the relator "failed to meet the pleading requirements of Rule 9(b) because he did not identify any specific physicians" who allegedly engaged in the unlawful conduct. Thompson, 125 F.3d at 903; see also Butler, 74 F. Supp. 2d at 1216 ("Markedly, the complaint fails to refer to specific employees who may have been involved in submitting false claims.").

In paragraph 34 Dr. Schwartz identifies a "commission plan for [Coastal's] independent contractor physicians," but he again identifies no particular physician who was actually subject to the plan, and identifies no particular time or place when the plan resulted in the submission of a false or fraudulent claim. Fourth Amended Complaint ¶ 34, Appellant's App. at 52. Even with respect to the one particular contract he identifies in paragraph 35, he describes only the generalities of how it operated, and nowhere does he identify a physician or a specific occasion when the practice resulted in a kickback or other illegal activity.

Dr. Schwartz's allegations with respect to violations of the anti-assignment provisions suffer from the same deficiency. They allege only that the "Coastal Defendants" entered into "contracts with physicians who are independent

-12-

contractors" and obtained "a power of attorney to process all Medicare or other claims under a government health program, as well as other insurance payments in the name of the physician, although the payments go directly to the Defendants." Fourth Amended Complaint at ¶ 45, id. at 57. Those vague and general allegations fail to satisfy Rule 9(b)'s particularity requirement. [4]

In United States ex rel. Butler v. Magellan Health Servs., Inc., 101 F. Supp. 2d 1365 (M.D. Fla. 2000), the district court found that a qui tam plaintiff's complaint alleging that a healthcare provider filed false and fraudulent Medicare claims failed to meet Rule 9(b)'s particularity requirement because plaintiff "merely alleges a scheme of fraud, and not specific occurrences or facts which support this general scheme." Id. at 1369. Similarly, in United States ex rel. Walsh v. Eastman Kodak Co., 98 F. Supp. 2d 141 (D. Mass. 2000), the court observed that the relator's complaint

> merely describes the contracts between the vendor defendants and defendant hospitals, but does not identify with particularity any sales or claims for payment that were allegedly fraudulent. . . . [The complaint] sets out a methodology by which the vendors might have produced false invoices, which in turn could have led to false claims. Without citing a single false claim arising from an allegedly false invoice, Relator has not met even a bare-bones Rule 9(b) test.

---

[4]Defendants argue that Dr. Schwartz has also failed to articulate how a violation of the anti-assignment provisions would constitute a false or fraudulent claim. We express no opinion on the substance of Dr. Schwartz's claims. We hold only that they fail to allege fraud with the particularity required by Rule 9(b).

Id. at 147; see also United States *ex rel.* Gublo v. NovaCare, Inc., 62 F. Supp. 2d 347, 354 (D. Mass. 1999) ("[P]laintiffs simply allege three methods by which NovaCare is said to have inflated its bills to the government, without citing a single instance of a false claim.")

In this case, Dr. Schwartz has merely described the allegedly illegal contracts and arrangements without identifying any person, place or time when an actual false claim or other illegal activity occurred. He alleges at best the existence of a general scheme or methodology by which defendants could have violated the False Claims Act. That is simply insufficient under Rule 9(b).

## CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of Dr. Schwartz's complaint.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge