# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2193

_____

| | | |
|---|---|---|
| United States of America, | * | |
| Ex Rel. James B. Kinney | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Rebecca Stoltz, an individual; | * | |
| Kelly Spratt; Geraldine Peterson, | * | |
| an individual; Jennifer Peterson | * | |
| an individual, | * | |
| Appellees. | * | |

_____

Submitted: February 14, 2003

Filed: May 5, 2003

_____

Before WOLLMAN, HEANEY and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

This is an appeal from a dismissal of a second qui tam action brought on behalf of the United States by James Kinney pursuant to the False Claims Act,[1] 31 U.S.C.

---

[1]The False Claims Act allows for qui tam actions, in which a private party, known as a relator, brings an action on behalf of the United States alleging fraudulent claims were submitted to the government. 31 U.S.C. § 3730(b)(4). The private party

§§ 3729-3733.  The complaint alleged that appellees Rebecca Stoltz (Stoltz), Kelly Spratt (Spratt), Geraldine Peterson (G. Peterson), and Jennifer Peterson (J. Peterson), four Hennepin County Medical Center (HCMC) employees, knowingly and falsely defrauded the United States by improperly claiming all ambulance transports as medically necessary.  The district court[2] dismissed Kinney's claim, and we affirm.

I.

James Kinney, a paramedic at Hennepin County Medical Center since 1983, filed a qui tam lawsuit against HCMC and Hennepin Faculty Associates (HFA)  in 1997. After the government chose not to intervene in this action, Kinney proceeded with the case, alleging that HCMC and HFA falsely certified all ambulance services it provided as medically necessary, and in the process defrauded the United States by billing Medicare for ambulance runs that should not have been billed as necessary. The runs Kinney claimed as fraudulent were termed "ALS-Minor," which signified ambulance runs for emergencies that did not require ambulance support.  Kinney's claim focused on the lower right-hand corner of the ambulance run sheet, which stated "I certify that it was medically necessary to transport this patient by ambulance," and provided space for the attending physician's signature.  Kinney alleged that HFA physicians  would sign and certify virtually all ambulance runs as medically necessary, and HCMC received Medicare reimbursement for them.

The case against HCMC was dismissed with prejudice because HCMC was not a "person" subject to liability under the False Claims Act.  See Vermont Agency of

---

may recover damages and attorneys fees if the claim is successful, but it is required to first deliver a copy of its complaint to the United States, which may intervene if it chooses to pursue the claim.  Id.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 787-88 (2000)(holding a state is not a person for purposes of qui tam liability). No appeal was taken from the dismissal. The case proceeded against HFA. During discovery, Kinney deposed eight HCMC employees, including: Stoltz, Billing Manager for HCMC; J. Peterson, HCMC's director of Emergency Medical Services; and G. Peterson, the manager of Ambulance Services.[3] The depositions disclosed that Stoltz and G. Peterson had discoverable information. Prior to the depositions, Kinney never indicated that he knew of their existence, or about any alleged misdeeds committed by them.

On August 22, 2001, the district court granted summary judgment to HFA. United States ex rel. Kinney v. Hennepin County Med. Ctr., 2001 WL 930780 (D. Minn. Jan. 22, 2001)(Kinney I). It held that Kinney failed to establish that the physicians' signing of the ambulance run sheets were the cause of the alleged fraud. No appeal was taken from this judgment.

On July 17, 2001, Kinney filed the present qui tam action against Stoltz, J. Peterson, G. Peterson, and Spratt. He alleged they made false claims against Medicare for the reimbursement of ambulance runs. Specifically, Kinney alleged: (1) that Spratt and the Petersons instructed HCMC administrative clerks to try to obtain physicians' medical necessity certifications for all ambulance runs for patients delivered to HCMC; (2) they set HCMC's automated accounts system to assign a billable number to all ALS-Minor transports of Medicare patients; and (3) Stoltz recklessly submitted false claims to Medicare for HCMC in order to obtain compensation involving all ambulance runs, regardless of their medical necessity or merit. The appellees moved to dismiss the action, arguing the court lacked subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the claims asserted came

---

[3]Spratt replaced G. Peterson as Manager of Ambulance Services, who left HCMC in April 2000. Spratt was not deposed in Kinney I, as all events pertinent to the lawsuit occurred prior to her current position with HCMC.

from information publicly disclosed during Kinney I, or alternatively the doctrines of res judicata and collateral estoppel precluded the present action.

The district court concluded Kinney did not have "direct knowledge" of the allegations or transactions constituting the alleged violation, namely HCMC's alleged manipulation of the billing codes relating to ALS-Minor ambulance transports. Finding Kinney was neither involved in nor a close observer of the alleged illegal act, the district court determined that Kinney received his information from the depositions of the HCMC employees, and because he was not a direct source of the information, it held his claim was not permitted under the False Claims Act. United States ex rel. Kinney v. Stoltz, 2002 WL 523869, at *6 ,*7 (D. Minn. Apr. 5, 2002)(Kinney II). Further, Kinney failed to show that he had made a voluntary disclosure to the government relating to the acts of the four named defendants, and therefore failed to fully comply with the statute. Id. at *7. Finally, the district court determined that, even if Kinney had been found to have "direct and independent knowledge" of the facts underlying the allegations, the suit would have been barred because it was in essence against the four defendants in their official capacities, and thus a suit against HCMC, which is barred by the False Claims Act. Id. n.3.[4] The

---

[4]The district court also denied Kinney's attempt to amend his complaint, noting that Fed. R. Civ. P. 15(a) requires leave of the court to amend a complaint once a "responsive pleading" had been served. Kinney argued that: (1) a motion to dismiss did not constitute a responsive pleading; and (2) a party can "amend as a matter of course" to add a new defendant. Kinney II, at *3. The First Amended Complaint sought to add Hennepin County as a defendant because of the County's decision to offer indemnification to the individual defendants, which occurred after the original complaint was served. Our circuit has noted that supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed. United States v. Vorachek, 563 F.2d, 884, 886 (8th Cir. 1977). Rule 15(d) gives the district court discretion to permit parties to serve supplemental pleadings. Kinney cannot supplement his complaint as a matter of right. We think the district court properly recited the law, and was within its discretion when it did not accept the amended complaint.

district court dismissed Kinney's case with prejudice.  This appeal followed, with the United States filing an *amicus curiae* brief.

II.

We review a district court's order granting a motion to dismiss de novo. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  A district court ruling on a motion to dismiss must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of Kinney as the source of all relevant allegations in the current action.  Hafly v. Lohman, 90 F.3d 264, 267 (8th Cir. 1996).

Under the False Claims Act,[5] federal courts do not have jurisdiction over an action based upon public disclosure of allegations or transactions unless the person bringing the action "is an original source of the information."  A person is the

_____

[5]The relevant portions of the statute are:

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4).

"original source" when they have "direct and independent knowledge of the information" which formed the basis of the allegations. § 3730(e)(4). Our circuit has adopted a three-part test to determine this issue: "(1) Have allegations made by the relator been 'publicly disclosed' before the qui tam suit was brought? (2) If so, is the qui tam suit 'based upon' the public disclosure? and (3) If so, was the relator an 'original source' of the information on which the allegation was based?" Minnesota Ass'n of Nurse Anesthetists v. Allina Health Systems Corp., 276 F.3d 1032, 1043 (8th Cir. 2002).

At the center of this appeal lies the question: What did James Kinney know? Although the parties offer very different accounts of what Kinney did know, could know, or should have known, one immutable truth remains: either Kinney had direct knowledge of the fact that the appellees engaged in the fraudulent conduct, or he did not. If he did not have direct knowledge of the facts underlying this lawsuit, then he is not an original source of the information in this lawsuit and this court lacks jurisdiction.

A relator has direct knowledge when he sees it with his own eyes. United States ex rel. Barth v. Ridgedale Elec., Inc., 44 F.3d 699, 703 (8th Cir. 1995). The False Claims Act is intended to encourage individuals who are either close observers or involved in the fraudulent activity to come forward, and is not intended to create windfalls for people with secondhand knowledge of the wrongdoing. Hays v. Hoffman, ___F.3d___, 2003 WL 1825040, at *1 (8th Cir. April 9, 2003). Our circuit has not previously addressed the question of specificity in pleading claims under the False Claims Act. Every other circuit to address this issue has held that since the False Claims Act is obviously an anti-fraud statute, complaints brought under it must comply with Fed. R. Civ. P. 9(b). See United States ex rel. Totten v. Bombardier, 286 F.3d 542, 551-553 (D.C. Cir. 2002); Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001); United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997); Gold v. Morrison-Knudson Co., 68 F.3d 1475,

1476-77 (2d Cir. 1995). Rule 9(b) requires that "all averments of fraud...shall be stated with particularity." While Kinney may well have had direct knowledge of the fact that some patients transported by ambulance were not eligible for such transport under Medicare, there is no evidence in the record that he had direct knowledge of the appellees' alleged wrongdoings. Kinney alleged in Kinney I that the doctors were responsible for the fraud. He made no mention of the appellees in Kinney II and there is no evidence in the Kinney I record that he was aware of the role played by the appellees until after discovery. If Kinney had possessed direct knowledge of the asserted fraud in Kinney II, he was obligated to identify them in his initial complaint. Accord United States ex rel. Butler v. Magellan Health Services, Inc., 101 F.Supp.2d 1365, 1368 (M.D.Fla. 2000)("When pleading fraud, the plaintiff should generally identify the individuals who made the alleged misrepresentation, the time of the alleged fraud and the place of the alleged fraud."). We agree with the district court that Kinney was not the original source of the allegations on which Kinney II is based; thus, the district court lacked jurisdiction pursuant to 21 U.S.C. § 3730(e)(4)(A).[6]

### III.

For the foregoing reasons, we affirm.

---

[6]The district court held in the alternative that even though Kinney alleged he was suing the appellees in their individual capacity, he was actually suing them in their official capacity, because all their acts were in connection with their official duties. Kinney II, 2002 WL 523869, at *7 n.3. Thus, the action was in reality against HCMC, which cannot be sued under the False Claims Act. We see no need to consider whether Kinney was suing the appellees in their official or individual capacity, or whether in this case they could be sued in their individual capacity, in light of our holding that Kinney was not the original source of the suit and the district court did not have jurisdiction. See United States ex rel. Gaudineer & Comito v. Iowa, 269 F.3d 932, 937 n.3. (8th Cir. 2001).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.