# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2445

_____

United States ex rel. Keshav S. Joshi,    *
                                     *

           Appellant,                *

                                       *    Appeal from the United States

         v.                      *    District Court for the

                                       *    Eastern District of Missouri.

St. Luke's Hospital, Inc.;             *

Mohammed Bashiti,              *

                                       *

           Appellees,             *

                                       *

United States of America,           *

                                       *

        Movant Below.         *

_____

Submitted: December 14, 2005
Filed: March 6, 2006

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Dr. Keshav S. Joshi (Dr. Joshi) brought a *qui tam* action against St. Luke's Hospital, Inc. (St. Luke's), and Dr. Mohammed Bashiti (Dr. Bashiti), St. Luke's chief of anesthesiology, pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733. Dr. Joshi's complaint alleges that from 1989 to the present, St. Luke's and Dr. Bashiti submitted and conspired to submit false claims to the government seeking payment

for anesthesia services, medical supplies, and prescriptions. The district court[1] granted St. Luke's and Dr. Bashiti's motion to dismiss for failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b). The court also denied Dr. Joshi's motion to amend the complaint, concluding the proposed amendments described incidents that fell outside the statute of limitations period and did not cure the complaint's deficiencies. Dr. Joshi appeals. Finding no error, we affirm.

I.    **BACKGROUND**

In April 2004, Dr. Joshi, an anesthesiologist who practiced from 1989 to 1996 at St. Luke's, brought a *qui tam* action under the FCA against St. Luke's and Dr. Bashiti, alleging violations of 31 U.S.C. § 3729(a)(1) and (a)(3). In his complaint, Dr. Joshi asserts "he is an 'original source' who has direct and independent knowledge of the information" on which his allegations are based. In Count I, Dr. Joshi alleges St. Luke's requested and received Medicare reimbursement from the government for anesthesia services performed by Dr. Bashiti at the reimbursement rate for medical direction of anesthesia services, when St. Luke's was entitled only to the lower reimbursement rate for medical supervision or no reimbursement at all. Dr. Joshi alleges Dr. Bashiti failed both to perform pre-anesthetic evaluations and prescribe anesthesia plans, and Dr. Bashiti falsely certified he supervised or directed the work of several certified registered nurse anesthetists (CRNAs). Dr. Joshi further alleges in Count I St. Luke's sought reimbursement for supervised CRNA work, when in fact such work was unsupervised, in violation of Missouri state law.

In Count II, Dr. Joshi alleges St. Luke's knowingly submitted false claims to the government for services that were not performed and for supplies that were not provided. The complaint alleges "St. Luke's would bill Medicaid and Medicare for an entire box of supplies or an entire prescription, while using only a small portion of

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

said supplies/prescription on the Medicaid/Medicare patient for whom said supplies and prescriptions were billed."

Both counts allege the existence of a conspiracy between "[St. Luke's and Dr. Bashiti], each of them and/or their employees and agents . . . for the purpose of defrauding the United States in violation of 31 U.S.C. § 3729(a)(3) with an intent to increase their pecuniary gain." However, Dr. Joshi's complaint does not identify specifically the date, amount, or content of, or the persons involved in making, any false claims submitted by St. Luke's. Nor does the complaint specify the dates on which supplies or prescriptions were used or billed, the patients who received the supplies or prescriptions, or the type of supplies or prescriptions involved in the alleged fraudulent scheme. Rather, Dr. Joshi alleges "St. Luke's had all the work done by the CRNAs and Dr. Bashiti assigned to itself," and "[t]he medical bills to the government sufficiently identify the time, place, and content of the fraudulent representations."

St. Luke's and Dr. Bashiti filed a motion to dismiss the complaint for failure to plead fraud with particularity under Rule 9(b). Dr. Joshi opposed the motion, and, alternatively, sought leave to amend the complaint by adding specific allegations of fraud. Dr. Joshi proposed to amend Count I by adding a table summarizing anesthesia services performed on four days in November 1995 by CRNAs and Dr. Bashiti at St. Luke's. The table and accompanying allegations indicate the time, surgeon, patient initials, and CRNA who performed anesthesia services. Dr. Joshi alleges this proposed amendment establishes the anesthesia services performed by CRNAs were unsupervised by Dr. Bashiti because Dr. Bashiti performed anesthesia services at the same time on other patients, and Dr. Bashiti falsely certified he either directed or supervised the CRNA work. With regard to Count II, Dr. Joshi, based on "information and belief," proposed to add a table summarizing medications issued to seven patients (identified by their initials) during six days in November 1995. The table and accompanying allegations indicate the patients were administered a

particular quantity of medicine and St. Luke's billed the government for a quantity greater than the amount actually administered.

The district court granted St. Luke's and Dr. Bashiti's motion to dismiss, concluding the complaint failed to satisfy Rule 9(b)'s particularity requirement and failed to give St. Luke's and Dr. Bashiti notice of the alleged misconduct to allow them to defend properly against the charge. The court reasoned, "Without any allegations about who specifically participated in these claims and how and when the claims were submitted, [St. Luke's and Dr. Bashiti] are unable to marshal a defense." The court also denied Dr. Joshi's request for leave to amend the complaint, finding Dr. Joshi's claims with new November 1995 data were barred by the applicable six-year statute of limitations[2] and did not cure the deficiencies of Dr. Joshi's original complaint.

Dr. Joshi appeals, arguing the district court erred in (1) dismissing his complaint, because Joshi satisfied Rule 9(b)'s particularity requirement by alleging each and every invoice for CRNA work was fraudulent; (2) denying Dr. Joshi leave to amend the complaint, because the proposed amendments are timely and would not have been futile; and (3) refusing to allow Dr. Joshi to conduct discovery necessary to satisfy Rule 9(b), because the facts of St. Luke's and Dr. Bashiti's fraudulent conduct are uniquely within the control of St. Luke's and Dr. Bashiti.

## II. DISCUSSION
### A. Standard of Review
The issues raised in this appeal are governed by two standards of review. First, we review de novo the district court's order granting the motion to dismiss, accepting

___

[2]Under 31 U.S.C. § 3731(b)(1), complaints alleging violations of the FCA may not be brought "more than 6 years after the date on which the violation . . . is committed." Dr. Joshi filed his complaint in April 2004. Violations occurring before April 1998 are barred.

the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). Second, we review for abuse of discretion the district court's denial of the motion to amend the complaint. Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). However, we review de novo the underlying legal conclusion of whether the proposed amendments to the complaint would have been futile. In re Acceptance Ins. Cos. Sec. Litig., 423 F.3d 899, 904 (8th Cir. 2005) (citation omitted); United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001).

**B.      Dismissal of Complaint**

Dr. Joshi's complaint alleges violations of the FCA, particularly 31 U.S.C. § 3729(a)(1) and (a)(3), which subjects to civil liability entities that knowingly submit or conspire to submit false claims to the government for payment or approval. See, e.g., Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam). Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b). United States ex rel. Kinney v. Stoltz, 327 F.3d 671, 674 (8th Cir. 2003). Under Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity." Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003) (citing Abels v. Farmers Commodities Corp., 259 F.3d 910, 920-21 (8th Cir. 2001)). To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. See, e.g., Corsello, 428 F.3d at 1012; Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002). Put another way, the complaint must identify the "who,

what, where, when, and how" of the alleged fraud. <u>Costner</u>, 317 F.3d at 888 (citing <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 550 (8th Cir. 1997)).

After taking the allegations contained in Dr. Joshi's complaint as true and drawing all reasonable inferences in his favor, we agree with the district court, Dr. Joshi failed to allege with any specificity the particular circumstances constituting St. Luke's and Dr. Bashiti's alleged fraudulent conduct. Absent from the complaint are any mention of (1) the particular CRNAs who allegedly performed patient care and administered anesthesia services unsupervised, (2) when Dr. Bashiti falsely claimed to have supervised or directed CRNAs, (3) who was involved in the fraudulent billing aspect of the conspiracy, (4) what services were provided and to which patients the services were provided, (5) what the content was of the fraudulent claims, (6) what supplies or prescriptions were fraudulently billed and to which patients the supplies or prescriptions were provided, (7) what dates the defendants allegedly submitted the false claims to the government, (8) what monies were fraudulently obtained as a result of any transaction, or (9) how Dr. Joshi, an anesthesiologist, learned of the alleged fraudulent claims and their submission for payment. Simply put, the complaint fails to identify specifically the "who, what, where, when, and how" of the alleged fraud.

Notwithstanding these deficiencies, Dr. Joshi contends his complaint satisfies Rule 9(b)'s particularity requirement by his allegations that "all the nurse anesthetists' work was illegal," and that "every invoice for nurse anesthetist work was fraudulent because no nurse anesthetist was medically supervised or directed." In support of this argument, Dr. Joshi points to paragraph eighteen of the complaint, which states "St. Luke's had all the work done by the CRNAs and Dr. Bashiti assigned to itself." Such an argument fails for two reasons. First, Dr. Joshi advances a *post hoc* interpretation that is unsupported by the complaint's generalized and vague language. If it is Dr. Joshi's position his complaint put St. Luke's and Dr. Bashiti on notice Dr. Joshi was alleging "every" claim for anesthesia services was fraudulent, we respectfully disagree. Second, assuming *arguendo* the complaint can be interpreted to have

alleged "every" claim was fraudulent, Rule 9(b) requires more than such conclusory and generalized allegations.  See Schaller, 298 F.3d at 746 (explaining "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b)]" (quoting Commercial Prop. Inv. v. Quality Inns, 61 F.3d 639, 644 (8th Cir. 1995))); see also Costner, 317 F.3d at 889 (concluding the plaintiff's complaint was "not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (citation omitted)).

We find persuasive the Eleventh Circuit's reasoning in Corsello v. Lincare, Inc., 428 F.3d 1008, 1011 (11th Cir. 2005) (per curiam), in which the relator alleged his former employers violated the FCA by falsifying certificates of medical necessity and billing for unnecessary or nonexistent treatment to obtain Medicare payments unlawfully.  The relator, a sales employee who did not work in the billing department, did not allege any details concerning false claims actually submitted for payment; rather, he vaguely alleged the fraudulent schemes were pervasive and wide-reaching in scope, and argued the defendants must have submitted fraudulent claims.  Corsello, 428 F.3d at 1013.  The Eleventh Circuit noted the allegations "failed to provide a factual basis to conclude fraudulent claims were ever actually submitted to the government in violation of the [FCA]."  Id.  Thus, the court dismissed the relator's complaint for failure to plead fraud with particularity, noting the allegations lacked sufficient "'indicia of reliability' . . . because they failed to provide an underlying basis for [the relator's] assertions."  Id. at 1013-14.  Similarly, in the present case Dr. Joshi's allegation that "every" claim submitted by St. Luke's was fraudulent lacks sufficient "indicia of reliability."  Dr. Joshi was an anesthesiologist at St. Luke's, not a member of the billing department, and his conclusory allegations are unsupported by specific details of St. Luke's and Dr. Bashiti's alleged fraudulent behavior.

We fully recognize Dr. Joshi alleges a systematic practice of St. Luke's and Dr. Bashiti submitting and conspiring to submit fraudulent claims over a sixteen-year period. Clearly, neither this court nor Rule 9(b) requires Dr. Joshi to allege specific details of *every* alleged fraudulent claim forming the basis of Dr. Joshi's complaint. However, to satisfy Rule 9(b)'s particularity requirement and to enable St. Luke's and Dr. Bashiti to respond specifically to Dr. Joshi's allegations, Dr. Joshi must provide *some* representative examples of their alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors. Dr. Joshi's complaint is void of a single, specific instance of fraud, much less any representative examples. Thus, the district court properly dismissed Dr. Joshi's complaint for failure to comply with Rule 9(b).

### C.    Denial of Request for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001) (internal quotation omitted).

In denying Dr. Joshi's motion for leave to amend the complaint on the basis of futility, the district court held Dr. Joshi's proposed amendments did not cure the complaint's deficiencies because St. Luke's and Dr. Bashiti were "still forced to speculate as to names of patients, supplies, prescriptions, and claims over a sixteen-year period to determine what activity allegedly violate[d] the FCA." The district court also held that because the specific instances of fraud cited by Dr. Joshi all occurred in November 1995 and Dr. Joshi failed to tie the allegations into a continuous pattern of conduct by St. Luke's and Dr. Bashiti, the six-year statute of limitations barred the additional claims. On appeal, Dr. Joshi contends the district

court erred in denying his motion, arguing the proposed amendments are timely and would not have been futile. We reject both contentions.

First, Dr. Joshi's proposed amendments do not eliminate the complaint's deficiencies. Neither proposed amendment indicates Dr. Joshi's basis for knowledge concerning the alleged submission of fraudulent claims, and the amendments thus lack sufficient "indicia of reliability" to satisfy Rule 9(b). See Corsello, 428 F.3d at 1013-14. Dr. Joshi's vague and limited allegations concerning events occurring in November 1995 do not qualify as representative examples of a scheme alleged to have occurred over a sixteen-year period. Furthermore, basing Count II's proposed amendment on "information and belief" does not strengthen Dr. Joshi's complaint when Dr. Joshi neglects to "set forth the source of the information and the reasons for the belief." See Parnes, 122 F.3d at 550 (citation omitted). Even accepting the allegations as true and drawing all reasonable inferences in Dr. Joshi's favor, the proposed amendment fails to contribute the requisite specificity to Dr. Joshi's nebulous complaint. Thus, we agree with the district court, Dr. Joshi's proposed amendment does not satisfy the heightened pleading standard of Rule 9(b).

Second, the proposed amendments are untimely. Dr. Joshi filed his complaint in the present action in April 2004. We agree again with the district court. Dr. Joshi failed to tie his additional allegations, which allege specific instances of fraud occurring in November 1995, into a continuous pattern of conduct, and the proposed amendments are barred by the applicable six-year statute of limitations. See 31 U.S.C. § 3731(b)(1). Furthermore, the three-year tolling provision of 31 U.S.C. § 3731(b)(2) does not alter our conclusion. Section 3731(b)(2) provides an action under the FCA may not be brought "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances." Dr. Joshi did

not specifically argue the applicability of § 3731(b)(2) before the district court,[3] and we therefore need not consider this argument.  See Wever v. Lincoln County, Neb., 388 F.3d 601, 608 (8th Cir. 2004) ("Ordinarily, this court will not consider arguments raised for the first time on appeal.") (citation omitted); Hartford Acc. & Indem. Co. v. Shaw, 273 F.2d 133, 140 (8th Cir. 1959) ("[A]n appellant cannot for the first time in an appeal raise an issue that was not presented to the trial court and upon which the trial court had no opportunity to pass.").

However, in short, we are satisfied Dr. Joshi's belated argument on the applicability of § 3731(b)(2) lacks merit.  Dr. Joshi alleged he is an "original source" of the complaint's allegations, he worked at St. Luke's only until January 1996, and Dr. Joshi's staff position is the sole basis alleged for his knowledge of the fraudulent billing.  Assuming, without deciding, § 3731(b)(2) applies to a private individual where the government declines to intervene, Dr. Joshi's allegations support a conclusion he was aware of the alleged FCA violations well before April 2001, more than three years before suit was filed.  Thus, we conclude the district court did not err in denying Dr. Joshi's motion for leave to amend the complaint.

---

[3]In response to Dr. Joshi's proposed amendments to the complaint, St. Luke's raised before the district court the statute of limitations issue in its reply memorandum, arguing Dr. Joshi's November 1995 allegations fell outside the six-year limitations period set forth in § 3731(b)(1).  Dr. Joshi then filed a surreply, arguing (erroneously) St. Luke's waived any argument regarding the limitations period by filing a motion to dismiss for failure to plead fraud with particularity, as opposed to a motion to dismiss on statute of limitations grounds.  Dr. Joshi did not argue the proposed amendment fell within the limitations period pursuant to § 3731(b)(2), and thus argues the applicability of § 3731(b)(2) for the first time before this court.

**D. Refusal to Permit Discovery or Relax Rule 9(b)'s Particularity Requirement**

Finally, Dr. Joshi argues the district court erred in not permitting him to conduct discovery in order to satisfy Rule 9(b)'s pleading requirements. Although Dr. Joshi couches his argument in terms of a discovery request, we view his argument more generally as a request to relax Rule 9(b)'s pleading requirements by allowing him to plead his complaint generally at the outset and to "fill in the blanks" following discovery.

The issue of whether to relax Rule 9(b)'s pleading requirements for complaints brought under the FCA and to permit early discovery is one of first impression in this circuit. "[S]ome courts have recognized in theory that the particularity requirements of Rule 9(b) may be relaxed in an FCA *qui tam* action where the information relevant to the fraud is 'peculiarly within the perpetrator's knowledge.'" United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 229 (1st Cir. 2004) (quoting United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330 (5th Cir. 2003)). However, few courts have actually applied such a standard. Karvelas, 360 F.3d at 229, 231 (holding "a qui tam relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery"). We join the more recent decisions and therefore reject Dr. Joshi's request to permit discovery to satisfy Rule 9(b). As the First Circuit noted, "[t]he reluctance of courts to permit qui tam relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown wrongs." Id. at 231 (internal quotation omitted). The Eleventh Circuit reasoned, "[w]hen a plaintiff does not specifically plead the minimum elements of [his] allegation, it enables [the plaintiff] to learn the complaint's bare essentials through discovery and may needlessly harm a defendant['s] goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are [sic] baseless allegations used to extract settlements." United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1313-14 n.24 (11th Cir. 2002).

Furthermore, the FCA requires a *qui tam* relator to serve a copy of the complaint on the government and disclose all material evidence and information known to the relator in order to allow the government to decide whether or not to intervene. 31 U.S.C. § 3730(b)(2). "[A]llowing a qui tam relator to amend his or her complaint after conducting further discovery would mean that the government will have been compelled to decide whether or not to intervene absent complete information about the relator's cause of action." Karvelas, 360 F.3d at 231 (internal quotation omitted). Such an approach is inconsistent with the relator's procedural obligations under the FCA and with the FCA's protections for the government, the real party in interest in a *qui tam* action. See id.

Dr. Joshi contends a relaxed pleading standard is appropriate in cases such as this where the fraudulent scheme was complex, the fraudulent conduct took place over a long period of time, and information concerning the alleged fraud is uniquely within the defendants' control. While we recognize the difficult burden Dr. Joshi bears in constructing his complaint, we decline to adopt Dr. Joshi's position. As the district court noted, Dr. Joshi's argument conflicts with his allegation he is an "original source" of St. Luke's and Dr. Bashiti's alleged fraudulent conduct. See 31 U.S.C. § 3730(e)(4)(B) (stating a person is an "original source" when he "has direct and independent knowledge of the information" forming the basis of the allegations); United States ex rel. Kinney v. Stoltz, 327 F.3d 671, 674 (8th Cir. 2003) ("Under the [FCA], federal courts do not have jurisdiction over an action based upon public disclosure of allegations or transactions unless the person bringing the action is an original source of the information." (internal quotation omitted)). Although it may be difficult for Dr. Joshi to draft a complaint alleging sufficient details regarding a fraudulent Medicare billing scheme spanning a sixteen-year period, such a burden is not, as Dr. Joshi puts it, an "impossible hurdle" to overcome. Nothing requires Dr. Joshi to state every factual detail concerning every alleged fraudulent claim submitted during the last sixteen years; rather, Dr. Joshi need only plead some representative examples within the statute of limitations.

Concededly, the nature of Dr. Joshi's position with St. Luke's as an anesthesiologist, rather than as a member of St. Luke's billing or claims department, may not have made him privy to certain details relevant to his complaint and helpful to satisfying Rule 9(b). However, "while an insider might have an easier time obtaining information about billing practices and meeting the pleading requirements under the [FCA], neither the Federal Rules nor the [FCA] offer any special leniency under these particular circumstances to justify [Dr. Joshi] failing to allege with the required specificity the circumstances of the fraudulent conduct he asserts in his action."[4] See Clausen, 290 F.3d at 1314. As this court stated in Kinney, "The [FCA] is intended to encourage individuals who are either close observers or involved in the fraudulent activity to come forward, and is not intended to create windfalls for people with secondhand knowledge of the wrongdoing." Kinney, 327 F.3d at 674 (citation omitted). Furthermore, "a plaintiff should not be able to avoid the specificity requirements of Rule 9(b) by relying upon the complexity of the edifice which he

---

[4]In support of his argument, Dr. Joshi points to Emery v. American General Finance, Inc., 134 F.3d 1321, 1323 (7th Cir. 1998), in which the Seventh Circuit relaxed Rule 9(b)'s pleading requirements in the context of a claimed violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. We find Emery's rationale inapplicable to the present FCA case. "The major purpose behind RICO is to curb the infiltration of legitimate business organizations by racketeers." Sinclair v. Hawke, 314 F.3d 934, 943 (8th Cir. 2003) (citation omitted). On the other hand, the focus of the FCA, an anti-fraud statute, is "exposing fraud on the government and recovering resulting government losses." United States ex rel. Rodgers v. Arkansas, 154 F.3d 865, 868 (8th Cir. 1998). "*Qui tam* relators cannot and do not sue for FCA violations on their own behalf. Rather, they sue on behalf of the government as agents of the government, which is always the real party in interest." Id. (citation omitted). Additionally, the FCA requires the relator be an "original source." See 31 U.S.C. § 3730(e)(4)(B). No analogous requirement exists under RICO. Thus, we agree with St. Luke's and Dr. Bashiti's argument that "the fact that relaxation of Rule 9(b) may be appropriate under certain circumstances in the RICO context does not aid [Dr. Joshi] in this FCA case."

created." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 564 (6th Cir. 2003) (internal quotation omitted).  Thus, we hold the district court did not err in refusing to relax Rule 9(b)'s pleading requirements and allow discovery by Dr. Joshi.

## III.  CONCLUSION

Agreeing with the district court, for the reasons stated, we affirm the judgment of the district court.

_____