## In re MIRAPEX PRODUCTS LIABILITY LITIGATION.

**This Order Relates to James Cruce, et al., Bernard Felber, et al., Anne Gibson, et al., Idus Gibson, et al., Janet Kessler, et al., Steve Russo, et al., Jenna Semer, Christine Jaeger, et al., Stanley Plummer, et al., Judith Smith, et al., Kevin Spangler, Sally Sutton, Ronald J. Ankiewicz, et al., Donna F. Bische, et al. Kenneth Bradshaw, Steven M. Braun, et**

al., Deborah Brinkley, Leticia N. Buenaseda, et al., Kimberly Davis, et al., Darren J. Frisina, Joyce A. Gillam, et al., Ronald W. Grubidt, Kathleen T. Hyter, et al., Jack Jennings, Vicki L. Jiminez, Philip D. Klevan, et al., James L. Konen, Edward J. Lazevnick, Howard B. Lucarell, Martin J. Mansfield, Jr., Debra A. Martin, et al., Joseph Modafferi, et al., Louis D. Modica, et al., Karene H. Palmer, et al., Russell J. Patterson, et al., Sandra A. Reade, Patricia Roberts, Michael G. Shafer, Kathleen A. Staples, Cynthia L. Still, et al., Grover A. Summey, Cindy Vickers, Raffi Abkarian, et al., Shellie Auger, et al., Sandra Augustine, et al., Kim Borrello, et al., Sonny Bradford, Rudolph Chavel, et al., Walter Coates, Laura Davis, et al., Harra Batina Debaud, et al., Judith Emerson, et al., Gary Endres, et al., Charles Engleka, et al., Colleen Flagg, Robert Gilbert, et al., Linda Glascow, et al., Julianne Gray, et al., Marvin Hoeppner, et al., Richard Jones, et al., Troy Jones, et al., Peggy Karlson, et al., Martin Kennedy, et al., Carolyn Krolczyk, et al., Debra Kurzawinski, et al., Arva Manjarres, Robert Merrit, et al., Charles Mills, et al., Charlotte Orrantia, Gladys Paolella, et al., Robert Patrick, Paul Randles, et al., Janet Risi, et al., Peggie Sanders, et al., Nalin Shah, et al., Sammy Simon, et al., Leighton Steckel, et al., Brandon Tapscott, et al., Sandra Trahan, Sandra Veverka, et al., Marvin Weaver, Jerome Welch, Mary Williams, et al., Alan Witte, James Baldwin, Zarouhie Bedrossian, et al., Nenita Macabuhay, et al., Donald Verslius, et al., David C. Belinsky, Mary L. Burnett, Nancy G. Durffee, et al., Jack F. English, et al., Mary J. Hill, et al., Carol R. Hoffman, Michael B. Hoole, et al., Robert L. Johnson, et al., Karyn G. Link, Sandra K. Losh, et al., John P. Major, et al., Tracy A. Polk, Carol J. Regalado, Diana C. Rodriguez, et al., Martha A. Schropp, Vicki P. Wadsworth, et al., Nancy E. Willhite, Laverne Simmons, Jesus G. Barrido, et al., George L. Downing, et al., Alan P. Hahn, et al., Robert M. Hauss, Richard E. Sturm, et al., Joseph Nardacci, et al., Phyllis Pentima, Ronald Phillips, John Burbridge, Melinda Braken–Hof, et al., Ronald Gerard, Joan Maile, Robert Brown, et al.

v.

Boehringer Ingelheim Pharmaceuticals, Inc.; Pfizer, Inc.; Pharmacia Corporation; Pharmacia & Upjohn Company LLC.

Nos. 07–CV–3289, 07–CV–3290, 07–CV–3260, 07–CV–3261, 07–CV–3264, 07–CV–3262, 07–CV–3263, 07–CV–3287, 07–CV–3288, 07–CV–3284, 07–CV–3286, 07–CV–3285, 07–CV–3147, 07–CV–3102, 07–CV–3168, 07–CV–3100, 07–CV–3149, 07–CV–3150, 07–CV–3148, 07–CV–3128, 07–CV–3125, 07–CV–3167, 07–CV–3144, 07–CV–3095, 07–CV–3129, 07–CV–3094, 07–CV–3096, 07–CV–3098, 07–CV–3097, 07–CV–3151, 07–CV–3124, 07–CV–3103, 07–CV–3126, 07–CV–3101, 07–CV–3143, 07–CV–3131, 07–CV–3166, 07–CV–3093, 07–CV–3146, 07–CV–3145, 07–CV–3099, 07–CV–3127, 07–CV–2964, 07–CV–3068, 07–CV–3064, 07–CV–2970, 07–CV–2974, 07–CV–3062, 07–CV–3105, 07–CV–2968, 07–CV–3063, 07–CV–3183, 07–CV–3061, 07–CV–2971, 07–CV–3066, 07–CV–2973, 07–CV–3106, 07–CV–3107, 07–CV–3057, 07–CV–3118, 07–CV–2967, 07–CV–2972, 07–CV–3060, 07–CV–2975, 07–CV–3055, 07–CV–3108, 07–CV–3109, 07–CV–3111, 07–CV–3110, 07–CV–3114, 07–CV–3067, 07–CV–3065, 07–CV–3058, 07–CV–2969, 07–CV–2966, 07–CV–2965, 07–CV–3104, 07–CV–3152, 07–CV–3113, 07–CV–3059, 07–CV–3115, 07–CV–3056, 07–CV–3116, 07–CV–3117, 07–CV–3256, 07–CV–3257, 07–CV–3258, 07–CV–3259, 07–CV–2956, 07–CV–2955, 07–CV–3025, 07–CV–3026, 07–CV–3039, 07–CV–2953, 07–CV–3027, 07–CV–2957, 07–CV–2949, 07–CV–2942, 07–CV–3033, 07–CV–2950, 07–CV–2951, 307–CV–034, 07–CV–3035, 07–CV–2952, 07–CV–3023, 07–CV–3267, 07–CV–3546, 07–CV–3544, 07–CV–3547, 07–CV–3543, 07–CV–3545, 07–CV–2474, 07–CV–2475, 07–CV–2476, 07–CV–3654, 07–CV–3655, 07–CV–3656, 07–CV–3651, 07–CV–3699.

MDL No. 07–1836 (JMR/FLN).

United States District Court,

D. Minnesota.

Nov. 9, 2007.

Arthur Sherman, Richard Salkow, Sherman & Salkow PC, Los Angeles, CA, Brian N. Toder, Philip A. Pfaffly, Chestnut & Cambronne, PA, Minneapolis, MN, for Plaintiffs.

Tracy J. Van Steenburgh, Halleland Lewis Nilan & Johnson PA, Minneapolis, MN, Joseph M. Price, Steven J. Ellison, Faegre & Benson LLP, Minneapolis, MN, for Defendants.

## ORDER

JAMES M. ROSENBAUM, Chief Judge.

Defendants move for dismissal of plaintiffs' fraud claims stating failure to plead fraud with the required particularity, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The motions are granted in part and denied in part. Plaintiffs are

granted leave to amend their individual pleadings according to the directions herein.

## I. *Background*

Defendants manufacture pramiprexole, a prescription drug sold under the name "Mirapex." Plaintiffs claim their use of Mirapex caused them to become compulsive gamblers. Plaintiffs advance theories of strict product liability, negligence, breach of warranty, and fraud. The present motion addresses only the fraud claims.

Plaintiffs generally claim they were defrauded when defendants deceived the Food and Drug Administration ("FDA"), health care providers, and patients about Mirapex's safety and its capacity to induce compulsive behavior. According to plaintiffs, defendants had notice that Mirapex caused compulsive gambling at least as early as November, 2004, but withheld this information from the FDA, doctors, and the public, and falsely denied any link between Mirapex and gambling.

## II. *Analysis*

This is a Multi–District Litigation matter, in which several hundred cases are pending before the undersigned as transferee judge. Defendants ask the Court to dismiss the fraud claims contained in 119 of these complaints.[1] Were this an individual case, a Rule 12(b)(6) motion would call for a judicial review of the filed pleading. Here however, the complaints are substantially similar, so plaintiffs have submitted representative examples. *See* Plaintiffs' Memorandum in Opposition ("Plaintiffs' Opp.") [Docket No. 58], Exhibits 1 ("Barrido Complaint"), 2 ("Simmons Complaint") and 3 ("Burbridge Complaint").[2] The parties agree the fraud-based allegations of these complaints are representative. Accordingly, the Court reviews only the proffered examples.

Plaintiffs have also submitted collateral "detailed pleadings of fraud" under seal claiming these would have been part of their initial pleadings, but for the Court's protective order in this matter. *See* Plaintiffs' Opp., Exhibit 4 ("Detailed Pleadings"). The "detailed pleadings" are accompanied by 68 exhibits, and girded with repeated cross references to a previous motion and its exhibits.[3]

■ On a Rule 12(b)(6) motion claiming failure to comply with Rule 9(b), the Court accepts the allegations of the complaint as true, and draws all reasonable inferences in favor of the nonmoving party. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 555 (8th Cir.2006). Rule 9(b) requires that "the circumstances constituting fraud … shall be stated with particularity." According to the Eighth Circuit Court of Appeals, the Rule means a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir.2007) (internal cita-

---

**1.** Defendants have filed separate, but substantively identical, motions under the MDL case number, *see* Docket Nos. 19 ("Barrido"), 31 ("Burbridge"), 35 ("Brown"), 211 ("Ankiewicz"), and 213 ("Nardacci"), and in individual cases. *See, e.g.,* 07–CV–3289, Docket No. 4 ("Cruce"); 07–CV–2964, Docket No. 8 ("Abkarian"); 07–CV–3256, Docket No. 4 ("Baldwin"); 07–CV–2956, Docket No. 6 ("Belinsky"); 07–CV–3267, Docket No. 3 ("Simmons").

**2.** The Barrido Complaint alleges negligent misrepresentation (¶¶ 48–55), fraud (¶¶ 58–65), and civil conspiracy to defraud (¶¶ 66–67); it appears to be substantially similar to the fraud allegations in the Ankiewicz and Belinsky complaints. The Burbridge Complaint alleges misrepresentation and concealment (¶¶ 58–66), fraud and deceit—fraudulent concealment (¶¶ 67–76), and negligent misrepresentation (¶¶ 83–90); it appears to be

substantially similar to the fraud allegations in the Abkarian, Baldwin, Brown, Cruce, and Nardacci complaints. The Simmons Complaint alleges misrepresentation and concealment (¶¶ 56–64), which appear to be substantially similar to the allegations of the same title in the Burbridge Complaint.

**3.** *See, e.g.,* Pl. Opp. at 11, citing Plaintiff's Motion to Amend Complaint to Add Claims for Punitive Damages, filed August 1, 2007 in *Selinsky et al. v. Boehringer Ingleheim Pharmaceuticals, Inc. et al.,* 06–CV–873, Docket No. 286. Not to be outdone, defendants have incorporated by reference their joint opposition to that motion. *See* Defendants' Joint Reply [Docket No. 164] at 5. The Court has no hesitation in advising counsel that cross-references to prior-submitted pleadings, especially those filed under seal, are spectacularly unhelpful.

tions and quotations omitted). Plaintiffs must ultimately plead the "who, what, where, when and how" of the fraud, because "conclusory allegations" will not suffice. *Id.* At the same time. Rule 9(b) is to be read "in harmony with the principles of notice pleading," so as to permit defendants to "respond specifically, at an early stage of the case, to potentially damaging allegations of immoral or criminal conduct." *Id.* Thus, the degree of particularity required in a given case depends on, among other things, the nature of the case and the relationship between the parties. *Id.*

Applying these standards, the Court finds plaintiffs' individual complaints, standing alone, fail to plead fraud with sufficient particularity to survive a Rule 9(b) motion to dismiss. This determination notwithstanding, the Court considers the adequacy of the complaints, supplemented by the "detailed pleadings," which are considered as proposed or representative amendments to the individual complaints.

■ With the addition of the material in the "detailed pleadings," the Court finds plaintiffs' allegations of fraud on the FDA satisfy Rule 9. As supplemented, plaintiffs claim in November, 2004, defendant Boerhinger Ingelheim Pharmaceuticals, Inc. ("BIPI"), gave the FDA its first Mirapex label mentioning compulsive behaviors. Plaintiffs claim this label deliberately downplayed a causal relationship, in spite of BIPI's awareness of causation. The underlying evidence is identified with particularity. (*E.g.,* Detailed Pleadings at ¶¶ 5, 8.) Plaintiffs next claim that, despite having this knowledge, BIPI's public statements denied any causal link. Those statements are identified by date, content, media outlet, and in some instances, individual speaker. (*Id., e.g.* at ¶¶ 4, 6). According to plaintiffs, defendants "worked in concert to craft these public misrepresentations." (*Id., e.g.* at ¶ 7.)

The Court concludes these asserted facts are sufficient to support a claim of fraud on the FDA. Defendants' motion to dismiss these claims is therefore denied.

■ This determination must be contrasted with the claims of fraud on individual plaintiffs and their health care providers. At present, these claims are insufficient to satisfy Rule 9(b). Plaintiffs merely allege they took Mirapex when they, or their doctors, reasonably relied on defendants' false representations denying any link between Mirapex and compulsive gambling. Specific statements or omissions are not cited, nor is the person who relied upon them, or whether the relying party was the prescribing physician or the plaintiff.

These discrepancies force defendants to conjecture as to whether any particular statements, omissions, or representations were relied upon. Defendants cannot tell—among other things—the specific representations, whether they were heard, seen, or relied on at all. Absent compliance with Rule 9(b), defendants cannot be expected to know the precise nature of the fraud to which they must respond. Accordingly, defendants' motion to dismiss these claims is granted, but without prejudice.

Plaintiffs are granted leave to amend their individual pleadings to specify defendants' alleged misrepresentations to individual plaintiffs and their health care providers. The parties are directed to meet and confer, in a joint effort to establish a mutually convenient schedule for such amendment.[4]

■ These matters having been resolved, there remains an additional issue alluded to in the parties' pleadings: the effect of the Court's Protective Order, dated August 3, 2006 [Docket No. 86], concerning the pleadings and memoranda of law in these cases. Plaintiffs suggest the Protective Order restricts their ability to plead with particularity in a publicly-filed Complaint. (Pl. Opp. at 7, 9.) Plaintiffs are incorrect.

Protective orders are, obviously, an ever-expanding feature of modern litigation. They have multiplied to the extent that the Court, itself, has incorporated a model order into its Local Rules. *See* Local Rules for the

---

4. In the event the parties are unable to reach agreement on a schedule, a prospect the Court considers most unlikely, they may jointly approach the Court for assistance in setting this schedule.

District of Minnesota, Form 5. Protective orders recognize that parties engaged in litigation do not sacrifice all aspects of privacy or their proprietary information simply because of a lawsuit. But there remains a concomitant principle favoring full, fair, and open disclosure of the important matters occurring in the public's courts.

Parties may seek private justice if they so desire. Public courts, however, invoke the public's interests. In federal court, the parties know their dispute will be publicly resolved, in a courthouse provided by the nation's citizens, before an impartial Judge appointed under the United States Constitution. The case may ultimately be heard before a jury composed of the nation's citizens in a courtroom open to the public. The parties frequently rely upon the Republic's authority to enforce their judgments. Thus, parties seeking justice in the courts of the United States can expect—and will find—open and fair disclosure, absent matters of the highest security.

The Court will not permit a protective order to deprive it of the information it needs to resolve a pending issue. A protective order which becomes an obstacle to resolving the case, seems analogous to a dog which not only catches its own tail, but swallows itself in the event.

This Court makes clear that either party may—without fear of sanction—provide this Court with any information it has at hand, whether covered by the Protective Order [5] or not, which that party deems essential to the resolution of this matter. If highly confidential information is contained in a publicly-filed document, the parties shall exchange drafts prior to filing in an effort to minimize disclosure of trade secrets or other highly confidential matters. If the parties cannot resolve such questions, they may apply to the Court for assistance. The Court's review will be illuminated by the general principle that if challenged material does not involve issues of national security, or troop movements in time of war, all doubts will be resolved in favor of public disclosure.

III. *Conclusion*

For the foregoing reasons, defendants' motions are granted in part and denied in part. As to the claims of fraud on the FDA, defendants' motions are denied. As to the claims of fraud upon individual plaintiffs and their health care providers, defendants' motions are granted, the claims are dismissed without prejudice, and plaintiffs are granted leave to amend their individual complaints.

IT IS SO ORDERED.

---

**5.** The Court's ruling encompasses all current protective orders, including those of February 15, 2007 [Docket No. 145] and September 13, 2007 [Docket Nos. 51 and 52], and any future ones as well.