United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2594

_____

Delbert D. Moad, On Behalf Of          *
Self and All Others Similarly          *
Situated; Joe M. Martz, On             *
Behalf Of Self and All Others          *
Similarly Situated; Dennis             *
Gifford, On Behalf of Self and         *
All Others Similarly Situated;         *
Carroll Seaton, On Behalf of           *
Self and All Others Similarly          *
Situated; and Jody S. Garner,          *
B. R. Skipper, James Myron             *
Hall, Jefery A. Ramsey,                *
Donald H. Sims, R. W. Neel,            *
James H. Kelloms, Ronald L.            *
Welch, Galey Gates, Don Smith,         *
Charles A. Hefner, Don W.              *
Browning, Alex Sylvester,              *
Jerry H. Chancellor, Bobby             *
Carlton, Andrew Clay, Ralph J.         *
Lobbs, Robert Mark Batson,             *
Wendell W. Adams, Gene Hicks,          *
William T. Cochran, Jerry W.           *
White, Mitchell E. Carolan,            *
Darrell W. Lainhart, Glenn O.          *
Maxwell, Edward L. Davis,              *
Tommy L. Morrow, James T.              *
Linkous, David M. Fullen,              *
Gordon Ray Diffee, Vernon R.           *
Dollar, Scotty Dodd, Robert L.         *
Meek, Duvall W. Moore, Ron             *
Ball, R. L. Newton, Howard             *
Smith, Tate G. Floyd, III,             *
A. J. McElroy, Lyle R. Smith,          *
Joe Roberson, Martha Williams,         *
Jackie Hopkins, Lloyd Martz,           *
Mack Thompson, Dudley Lemon,           *
Kelly Watkins, Barry Spivey,           *
Larry Lassiter, Michael                *
Springer, Andrew Wiley, Donald         *
Brown, Don Lafarlette, Paul            *
Halley, Tim Land, David                *
Hathcoat, Charles Watson,              *

```
Dennis Morris, Kevin Richmond,        *
Olen Craig, Michael Linville,         *
Joe F. Bradshaw, Roger Whitmore,      *
Doug Stark, Phillip Glasgow,          *
Harvey George, Victor Coleman,        *
Hayes Hogue, Dennis Duran,            *
Melvin Hensley, James M.              *
Sullivan, Jerry D. Willis,            *
Carey J. Lovaas, and Jerry L.         *
Watts,                                *
                                      *
       Appellants,                    *
                                      *   Appeal from the United States
          v.        *                 District Court for the Eastern
                                      *  District of Arkansas.
Arkansas State Police                 *
Department, Also Known as             *
Arkansas State Police,                *
                                      *
       Appellee. *
```

Submitted:  January 17, 1997

Filed: April 15, 1997

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and GUNN,[1] District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiffs are Arkansas state troopers who are seeking compensation for unpaid overtime. They sued, alleging that the state of Arkansas violated the Fair Labor Standards Act (FLSA). Relying on Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114 (1996), the district court dismissed the troopers' case for lack of

---

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

subject matter jurisdiction.  The troopers appeal.  We affirm the judgment of the district court.[2]

                                    I.

The  Eleventh Amendment to the Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "Although the text of the amendment speaks only of suits against a state by persons who are not citizens of that state, the Supreme Court has interpreted the Eleventh Amendment to extend to suits by all persons against a state in federal court."  Mancuso v. New York State Thruway Auth., 86 F.3d 289, 292 (2d Cir. 1996), cert. denied, 117 S. Ct. 481 (1996).  According to Seminole Tribe, 116 S. Ct. at 1131-32, "[t]he Eleventh Amendment restricts the judicial power under Article III, and Article I [relating to the legislative powers of Congress, specifically, the power of Congress pursuant to the Interstate Commerce Clause] cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."

Until 1996, the Supreme Court had held that Congress had the authority to abrogate a state's Eleventh Amendment immunity under two constitutional provisions: the Fourteenth Amendment, see Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), and the Interstate Commerce Clause, see Pennsylvania v. Union Gas Co., 491 U.S. 1, 23 (1989) (plurality opinion). In Seminole Tribe, 116 S. Ct. at 1133, however, the Court held that a statute requiring a state to enter into mediation enacted under the Indian Commerce Clause could not

_____

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

validly authorize a lawsuit against a state by an individual. The Court also explicitly overruled Union Gas. See id. at 1128. In the case before us, the state troopers are making precisely the same argument that was made in Union Gas, namely, that Congress had the power to abrogate a state's Eleventh Amendment immunity pursuant to the Interstate Commerce Clause. By overruling Union Gas in Seminole Tribe, however, the Supreme Court has now explicitly rejected that argument.

## II.

The state troopers contend in the alternative that the FLSA could have been enacted pursuant to Congress's power under the Fourteenth Amendment because their exclusion from the ability to sue in federal court for the protections afforded by the FLSA violates their right to equal protection. This issue was not raised in the district court and was raised in our court only in the troopers' reply brief. Under these circumstances, we decline to consider the issue of whether the FLSA could have been enacted under the Fourteenth Amendment. See, e.g., Bendix Autolite Corp. v. Midwesco Enterprises, Inc., 486 U.S. 888, 895 (1988).

The state troopers also contend that prior to the Supreme Court's decision in Seminole Tribe, the state of Arkansas allowed itself to be sued pursuant to the FLSA and that this evidences a waiver by the state of its Eleventh Amendment immunity. We have examined the record carefully and we find no evidence that this issue was ever raised in the district court with respect to the Eleventh Amendment. (We do not consider their Tenth Amendment arguments sufficient to raise the Eleventh Amendment question.) We therefore decline to consider the issue of waiver on appeal. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976).

The day before oral argument in this case, the state troopers moved to supplement the record to include a state court ruling that the Arkansas courts had no subject matter jurisdiction over FLSA cases. In that motion, the troopers argue for the first time that if the district court had no jurisdiction to entertain their case, they would be left without a remedy in any court, a violation, they assert, of their Fourteenth Amendment right to due process. (We note, however, that the state court ruling referred the state employee FLSA plaintiffs to the Arkansas Claims Commission. <u>See</u> Ark. Code Ann. § 19-10-204.) Because this argument comes so late, we express no view on its merits and deny the troopers' motion to supplement the record. <u>See</u>, <u>e.g.</u>, <u>Bendix Autolite Corp.</u>, 486 U.S. at 895.

### III.

For the reasons indicated, we hold that in enacting the FLSA, Congress had no power to abrogate a state's Eleventh Amendment immunity under the Interstate Commerce Clause. The district court thus lacked subject matter jurisdiction over the state troopers' case. <u>See</u> <u>also</u> <u>Wilson-Jones v. Caviness</u>, 99 F.3d 203, 211 (6th Cir. 1996), <u>modified</u> <u>on</u> <u>other</u> <u>grounds</u>, 1997 WL 57109 (6th Cir. 1997) (<u>per</u> <u>curiam</u>). Because of our holding on the question of subject matter jurisdiction, we need not address the troopers' additional argument with respect to the district court's oral ruling in regard to meals and on-call status. We note, however, that no order was ever entered on those rulings.

### IV.

We therefore affirm the judgment of the district court.


A true copy.


　　　Attest:


　　　　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.