RICHARD S. ARNOLD, Circuit Judge.
Two Arkansas residents brought this qui tam action against the State of Arkansas and the Arkansas Department of Education for allegedly obtaining federal education funding by filing false claims of compliance with federal civil-rights laws, in violation of the False Claims Act, 31 U.S.C. §§ 3729 — 3733 (1994). The State and its Department of Education moved to 'dismiss the claim, asserting that it is barred by the Eleventh Amendment to the United States Constitution. The District Court denied the motion, and this appeal followed. We affirm.
*867 I.
Arkansas residents Frankie Carolyn Rodgers, a former public school teacher and counselor, and Delbert 0. Lewis, a former employee of the Arkansas Division of Rehabilitation Services, undertook an investigation into whether the State, its Department of Education, and several Arkansas school districts were in compliance with federal civil-rights laws. Rodgers and Lewis allege that the defendants have falsely claimed compliance with § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (1994), and Titles I and II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (1994). Assurance of compliance is a prerequisite to the continued receipt of certain federal funds. Acting on their belief that the State, including legislators and auditors, and several school districts have misrepresented compliance with the laws since 1985, Rodgers and Lewis brought suit as qui tam relators under the Federal Claims Act. As permitted by the statute, 31 U.S.C. § 3730(b)(4)(B), the United States allowed the relators to prosecute the case and did not itself become a party.
Asserting immunity from suit under the Eleventh Amendment, the State and the Department moved to dismiss the complaint. The District Court[2] determined that the State does not enjoy Eleventh Amendment immunity from False Claims Act suits by qui tam relators, and denied the motion to dismiss. The State and the Department appeal from the denial of the motion to dismiss, and the District Court stayed the proceeding pending the outcome here. We have jurisdiction because denials of motions to dismiss on Eleventh Amendment immunity grounds are immediately appealable. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).
II.
On appeal, the State acknowledges that the United States is not subject to the Eleventh Amendment prohibition on federal jurisdiction over “commence[ment] or prosecution] [of a suit] against one of the United States by Citizens of another State ...,” or over a suit against a State by one of its own citizens. U.S. Const. amend. XI; Mancuso v. New York State Thruway Auth., 86 F.3d 289 (2d Cir.), cert. denied, — U.S. -, 117 S.Ct. 481, 136 L.Ed.2d 375 (1996). See also United States v. Mississippi, 380 U.S. 12§, 138-41, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). They contend that when the United States-declines to prosecute a violation of the False Claims Act, the suit is not brought by the United States for Eleventh Amendment purposes. Under this reasoning, the qui tam relator is characterized as a citizen, and the Eleventh Amendment bars the suit against the state.
Section 3729 of the False Claims Act provides, in pertinent part:
(a) Liability for certain acts. — Any person who—
(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval;
(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid; ....
is liable to the United States Government for a civil penalty ... plus 3 times the amount of damages which the Government sustains because of the act of that person—
Section 3730, the qui tam[3] provision of the False Claims Act, states in pertinent part:
(b) Actions by Private Persons. — (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the *868 Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
A great deal of Section 3730 establishes as superior the role of the government in the prosecution of qui tam suits. For example, the government may intervene in the action, and in the event that it elects not to do so within an initial 60-day period, it may, for good cause, intervene at a later date. 31 U.S.C. §§ 3730(b)(5) and (c)(3). Additionally, “[i]f the Government proceeds with the action, it ... shall not be bound by an act of the person bringing the action.” 31 U.S.C. § 3730(e)(1). The Government also has the power to “dismiss [or settle] the action notwithstanding the objections of the parson initiating the action ...,” subject only to notice and a hearing for the qui tam relator. The government will collect the bulk of any damages awarded, and in no case less than 70%, regardless of who prosecutes the suit. 31 U.S.C. §§ 3730(c)(2)(A) and 3730(c)(2)(B).
We hold that a qui tam action under this Act is a suit by the United States for Eleventh Amendment immunity purposes. The focus of the Act is on exposing fraud on the government and recovering resulting government losses. The qui tam provisions facilitate this process, but they do not alter the underlying character of the action as one for the aggrieved party as defined by the statute. See Marvin v. Trout, 199 U.S. 212, 224-26, 26 S.Ct. 31, 50 L.Ed. 157 (1905). The qui tam mechanism exists to motivate individuals to further the interest of the government in remaining free from frauds perpetrated against it. Confronting the same question before us, the Fourth Circuit stated, and we agree, that “the structure of the qui tam procedure, the extensive benefit flowing to the government from any recovery, and the extensive power the government has to control the litigation weigh heavily against [the defendant].” United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 49 (4th Cir.1992).
Other circuits have held similarly. “Qui tam relators cannot and do not sue for FCA violations on their own behalf. Rather, they sue on behalf of the government as agents of the government, which is always the real party in interest.” United States ex rel. Hyatt v. Northrop Corp., 91 F.3d 1211, 1217 n. 8 (9th Cir.1996) (citing United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 720 (9th Cir.1994)) (citations omitted). See also United States ex rel. Hall v. Tribal Dev. Corp. 49 F.3d 1208, 1213 (7th Cir.1995). Many of our sister circuits have rejected challenges to a qui tam relator’s action on similar reasoning. “In a qui tam action, the plaintiff sues on behalf of and in the name of the government and invokes the standing of the government resulting from the fraud injury.” United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1154 (2d Cir.), cert. denied, 508 U.S. 973, 113 S.Ct. 2962, 125 L.Ed.2d 663 (1993) (citations omitted). In so stating, the Second Circuit drew from an earlier case in which it stated “although qui tam actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the public at large, the Government remains the real party in interest.” Minotti v. Lensink, 895 F.2d 100, 104 (2d Cir.1990). In a similar vein, the Fourth Circuit in Milam stated “[w]e could not lightly conclude that the party upon whose standing the justicia-bility of the case depends is not the real party in interest.” 961 F.2d at 49.
Finally, we address the State’s and the Department’s argument that our recent decision in Moad v. Arkansas State Police Department, 111 F.3d 585 (8th Cir.1997), is dispositive of an outcome in their favor. In Moad, we held that the Eleventh Amendment is a bar to a suit against a state for violations of the Fair Labor Standards Act. Our decision was required by that of the Supreme Court in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), that the Interstate Commerce Clause is an impermissible basis for the abrogation of state immunity under the Eleventh Amendment. Moad is not controlling. There, the real party in interest was a private person. Here, it is the United States. The State and its agencies are not entitled to Eleventh Amendment immunity.
The judgment is affirmed.

. The Hon. William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

. Qui tam is short for the Latin phrase, "qui tam pro domino rege quam pro se ipso in hac parte sequitur:" "who sties in this case on behalf of our lord the King as well as on his behalf.”