ACCEPTED
15-25-00083-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/26/2025 5:52 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00083-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/26/2025 5:52:34 PM
CHRISTOPHER A. PRINE
Clerk

In the Fifteenth Court of Appeals
Dallas, Texas

Dr. Robert Tafel; Robert E. Tafel, D.D.S., PA d/b/a Bear Creek Family Dentistry; Buckner Marketplace Dental, PA d/b/a Bear Creek Family Dentistry; Pecan Plaza Dental, PA; Pioneer Dental, PA d/b/a Bear Creek Family Dentistry; Westcliff Dental. PA d/b/a Bear Creek Family Dentistry; Spring Valley Crossing Dental. PA d/b/a Bear Creek Family Dentistry; Plaza De Oro Dental, PA d/b/a Bear Creek Family Dentistry; Torre Vista Dental, PA d/b/a Bear Creek Family Dentistry; Town North Dental, PA d/b/a Bear Creek Family Dentistry; Bear Creek Family Dentistry, PA d/b/a Bear Creek Family Dentistry; Mesquite Crossing Dental, PA d/b/a Bear Creek Family Dentistry; CW Village Dental, PA d/b/a Bear Creek Family Dentistry; and BLT Support Services, LLC f/k/a BLT Management Company, LLC,
*Appellants ("Bear Creek")*,

v.

The State of Texas ex Rel Lauren Ludlow, Executor of the Estate of Dr. Scott Ludlow, Deceased
*Appellee ("Ludlow")*.

_____

On appeal from No. DC-21-11407
in the 44th District Court of Dallas County, Texas.
*Honorable Veretta Frazier, Presiding*

_____

RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO ABATE

_____

Plaintiff-Appellee the State of Texas ex Rel Lauren Ludlow, Executor of the

Estate of Dr. Scott Ludlow, Deceased, opposes Bear Creek's *Motion to Abate Appeal*

1

*Pending Resolution of Related Action* (the "***Motion***") because it is yet another delay tactic to stall all progress in Ludlow's Medicaid fraud case.

Ludlow opposes Appellant Bear Creek's motion to abate, which is nothing more than a transparent attempt to delay inevitable judicial scrutiny of an appeal premised on the untenable argument that somehow *the State of Texas* agreed to arbitrate its sovereign enforcement rights in a Medicaid fraud case. Undeniably, it did not, which the State explained in the Statement of Interest it filed in the trial court. *See* The State of Texas's Statement of Interest in Response to Defendants' Motion to Compel Arbitration and Stay Litigation, filed July 22, 2024 in Cause No. DC-21-11407 in the 44th Judicial District of Dallas County, Texas, attached as **Exhibit A**.

Bear Creek's suggestion that this interlocutory appeal should be held in limbo pending the outcome of a speculative mandamus proceeding only underscores the weakness of its position. Bear Creek seeks to compel the ***State of Texas*** to submit a *qui tam* enforcement action to private arbitration, as if such an absurd outcome makes any sense within the statutory scheme of the Texas Medicaid Fraud Prevention Act. Tex. Hum. Res. Code §§ 36.001, *et seq*.

The mandamus action now pending before the Texas Supreme Court (Case No. 24-1062) addresses a distinct jurisdictional issue unrelated to the arbitration fantasy at the heart of this appeal. Yet Bear Creek wants this Court to pause its own

docket to await a decision that, in the unlikely event it is actually granted, would not cure the fatal flaw of its argument: that no public agency, and certainly not the State of Texas, has consented to arbitrate its statutory right to pursue Medicaid fraud on behalf of taxpayers. This is yet another tactic by Bear Creek to tie this case up in appeals (of which there are currently *three*, including this one, all brought by Bear Creek, all currently pending in separate courts).[1] Bear Creek brought this appeal, and it should go forward, or be dismissed. Any other outcome serves only to postpone justice.

Indeed, Bear Creek's desire to delay for delay's sake is not judicial economy. It is mere procedural gamesmanship. And if judicial economy were the goal, Appellants would withdraw this appeal—not stall it.

This Court should deny the motion to abate and allow the appeal to proceed without further delay.

---

[1] Delay is something Bear Creek chronically uses to defend its Medicaid fraud, instead of addressing it. *See, e.g.*, Case No. 05-24-00980-CV, Bear Creek's delay tactic in the form of an interlocutory appeal once pending in the Fifth Court of appeals, which Bear Creek transferred to this Court; *see also* Case No. 24-1062, Bear Creek's delay tactic in the form of am interlocutory mandamus proceeding in the Texas Supreme Court; *see also* Case No. 05-24-01008-CV, Bear Creek's delay tactic in the form of an interlocutory appeal pending in the Fifth Court of Appeals after it *sued* Dr. Ludlow in retaliation for being a whistleblower, days after the whistleblower action was no longer under seal.

Respectfully submitted,


By: */s/ Andrew B. Sommerman*

| | |
|---|---|
| Andrew B. Sommerman | Jerry C. Alexander |
| State Bar No. 18842150 | State Bar No. 00993500 |
| Rebecca L. Neumann | D. Hunter Polvi |
| State Bar No. 24104455 | State Bar No. 24083674 |
| Sommerman, McCaffity, | Passman & Jones, A |
| Quesada & Geisler, LLP | Professional Corporation |
| 3811 Turtle Creek Blvd, Suite 1400 | 1201 Elm Street, Suite 2500 |
| Dallas, Texas 75219 | Dallas, Texas 75270-2500 |
| 214-720-0720 | (214) 742-2121 Telephone |
| 214-720-0184 (fax) | (214) 748-7949 Facsimile |
| andrew@textrial.com | alexanderj@passmanjones.com |
| rneumann@textrial.com | polvih@passmanjones.com |

*Counsel for The State of Texas ex Rel Lauren Ludlow, Executor of the Estate of Dr. Scott Ludlow, Deceased*


## CERTIFICATE OF SERVICE

I certify that on June 26, 2025, this response was served through the electronic filing system on all counsel of record.


*/s/ D. Hunter Polvi*
D. Hunter Polvi


(475739)

# Exhibit A

FILED
7/22/2024 3:35 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Lauren Beavers DEPUTY

CAUSE NO. DC-21-11407

| | | |
|---|---|---|
| STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *ex rel.* D.S.L. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| D.R.T., et al., | § | |
| | § | |
| Defendants. | § | OF DALLAS COUNTY, TEXAS |

### THE STATE OF TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

TO THE HONORABLE JUDGE OF THIS COURT:

The State of Texas ("State" or "Texas") files this Statement of Interest to clarify the State's position on Defendants'[1] Motion to Compel Arbitration and Stay Litigation ("Def. Motion") wherein Defendants improperly seek to force arbitration of a *qui tam* enforcement action. For claims brought under the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ch. 36 ("TMFPA"), the State is the real party in interest, even though it has declined to intervene, because the State is entitled to a portion of any proceeds of the TMFPA cause of action and because the State has an ongoing interest in ensuring the consistent and correct interpretation of the TMFPA.[2] As the real party in interest, the State objects to arbitration.

---

[1] Dr. Robert Tafel; Robert E. Tafel, D.D.S., PA d/b/a Bear Creek Family Dentistry; Buckner Marketplace Dental, PA d/b/a Bear Creek Family Dentistry; Pecan Plaza Dental, PA; Pioneer Dental, PA d/b/a Bear Creek Family Dentistry; Westcliff Dental, PA d/b/a Bear Creek Family Dentistry; Spring Valley Crossing Dental PA d/b/a Bear Creek Family Dentistry; Plaza De Oro Dental PA d/b/a Bear Creek Family Dentistry; Torre Vista Dental, PA d/b/a Bear Creek Family Dentistry; Town North Dental, PA d/b/a Bear Creek Family Dentistry; Bear Creek Family Dentistry PA d/b/a Bear Creek Family Dentistry; Mesquite Crossing Dental, PA d/b/a Bear Creek Family Dentistry; CW Village Dental, PA d/b/a Bear Creek Family Dentistry; and BLT Support Services, LLC f/k/a BLT Management Company, LLC (collectively referred to as "Defendants").

[2] Texas's declination in this matter is not a comment on the merits of the case. *See* Tex. Hum. Res. Code § 36.104 (State's declination is merely notice of the State's decision not to intervene.). The TMFPA contemplates cases

---

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                                 1

## I. INTRODUCTION

This *qui tam* case was filed pursuant to the TMFPA,[3] "a powerful tool for targeting fraud against the Texas Medicaid program and securing the program's integrity." *In re Xerox Corp.*, 555 S.W.3d 518, 525 (Tex. 2018). A TMFPA *qui tam* action is authorized by statute and creates a unique legal relationship between the person bringing the case, a relator, and the State. "The statute imbues the attorney general with broad investigative and enforcement authority and—via *qui tam* provisions—deputizes private citizens to pursue a TMFPA action on the government's behalf." *Id.* Yet even where the State declines to intervene, the State remains the real party in interest and retains control of the case. The State was not a party or signatory to an arbitration agreement with Defendants and cannot be compelled to arbitrate its TMFPA claims. The State, therefore, objects to arbitration.

## II. THE STATE, AS THE REAL PARTY IN INTEREST, OBJECTS TO ARBITRATION OF THIS TMFPA ACTION.

A TMFPA claim belongs to the State. The State remains the real party in interest in a TMFPA action and retains control over the *qui tam* case even when it declines to intervene and cannot be compelled to arbitrate without its consent.

When the State declines to intervene, the State retains several important powers and does not lose the ability to control the litigation in the State's name. For example, Texas may intervene "at a later date on a showing of good cause." Tex. Hum. Res. Code § 36.104(b-1). Texas may also "settle the action with the defendant notwithstanding the objections of the" relator "if the court

---

continuing in the event of Texas's non-intervention by conferring rights on relators and permitting relators to pursue TMFPA allegations after Texas declines to intervene. *See, e.g.*, Tex. Hum. Res. Code §§ 36.104, 36.110(a-1).

[3] As amended on September 1, 2023, the Texas Medicaid Fraud Prevention Act is now known as the Texas Health Care Program Fraud Prevention Act.

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                    2

determines, after a hearing that the proposed settlement is fair, adequate and reasonable under the circumstances." *Id.* at § 36.107(c). The TMFPA further provides that a relator may not voluntarily dismiss an action without the State's consent. *Id.* at § 36.102(e). Texas is also entitled to the majority of the proceeds from a successful TMFPA action. *Id.* at § 36.110(a-1). Finally, Texas retains the broad authority in a declined case to dismiss the action "notwithstanding the objections" of the relator. *Id.* at § 36.107(b). These statutory control mechanisms establish Texas's interest in the outcome of the declined case.

Caselaw examining the government's party status in *qui tam* actions filed under the federal False Claims Act (FCA) demonstrates Texas's position as the real party in interest in this action. Although the TMFPA does not necessarily mirror the FCA in all respects, the sections concerning intervention are analogous and therefore should be interpreted similarly. *Compare* Tex. Hum. Res. Code § 36.104(a) *and* 31 U.S.C. § 3730(b)(4). *See United States v. Eli Lilly & Co., Inc.*, 4 F.4th 255, 262 (5th Cir. 2021) ("…as with every False Claims Act *qui tam* lawsuit, the 'real party in interest' is the United States"); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) ("'The United States is the real party in interest in a *qui tam* action under the False Claims Act even if it is not controlling the litigation'"); *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("The FCA makes clear that notwithstanding the relator's statutory right to the government's share of the recovery, the underlying claim of fraud always belongs to the government."); *United States ex rel. Rodgers v. Arkansas*, 154 F.3d 865, 868 (8th Cir. 1998) ("*Qui tam* relators cannot and do not sue for FCA violations on their own behalf. Rather, they sue on behalf of the government as agents of the government, which is always the real party in interest"); *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 156 (5th Cir. 1997) ("Regardless of whether the government opts to control or intervene in a case, the False Claims Act requires that actions be

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                    3

'brought in the name of the Government'"); *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 768 (9th Cir. 1997) ("[A] qui tam plaintiff by definition asserts not his own interests, but only those of United States.").

Defendants incorrectly claim that because the *qui tam* action was filed by Dr. Ludlow[4], Defendants' prior employee, all clams brought by Dr. Ludlow under the TMFPA are arbitrable under the Associate Dentist Services Agreement (the "Agreement") between Dr. Ludlow and Defendants. Defendants mistakenly refer to this TMFPA enforcement action as "Relator's *qui tam* claim." Def. Mtn. at 4. Defendants' argument, however, misstates the reality of the TMFPA claims brought by Dr. Ludlow. Remedies for TMFPA unlawful acts belong to the State, with the relator receiving a portion of the recovery. Tex. Hum. Res. Code § 36.110. The State maintains control of this action even after declining to intervene and the unlawful acts asserted in this TMFPA case belong to the State and not to the Relator. Tex. Hum. Res. Code §§ 36.002(1), (2), (4)(B), and (7).

Where a government entity objects to arbitration of a *qui tam* action, courts have refused to compel the government to arbitrate. For example, in *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC,* the court denied defendant's motion to compel arbitration in an FCA case finding that, "Given the government's interest in the outcome of the *qui tam* action, Defendants have not demonstrated that [relator's] involvement in the lawsuit somehow transforms the fraud claims into her own." No. 2:14-cv-01786-MMD-GWF, 2016 WL 3381220, at *4 (D. Nev. June 13, 2016), aff'd on other grounds sub nom. *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791 (9th Cir. 2017). State courts have also refused to compel the government to arbitrate over the government's objection. In *State ex rel. Aetna Health of*

---

[4] Pursuant to the order issued by this Court on June 18, 2024, Lauren Ludlow, Independent Executrix of the Estate of Dr. Scott Ludlow, is substituted in Dr. Ludlow's place as Plaintiff and Relator in this matter.

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                                 4

*California, Inc. v. Pain Mgmt. Specialist Med. Group.*, defendant sought to compel arbitration of a state claim brought pursuant to the Insurance Fraud Prevention Act ("IFPA"), a *qui tam* statute similar to the FCA, but the state refused to consent. 58 Cal. App. 5th 1064, 273 Cal. Rptr. 3d 196, (2020). The California appellate court concluded that "the State is the owner of the *qui tam* action, the real party in interest, and cannot be compelled to arbitrate without its consent." *Id.* at 1070.

The claims asserted in this TMFPA case belong to the State as the real party in interest and not to the Relator and the State does not consent to arbitration.

### III. THE STATE WAS NOT A PARTY OR SIGNATORY TO THE EMPLOYMENT CONTRACT AND CANNOT BE COMPELLED TO ARBITRATE.

The State was not a party to the Agreement and cannot be bound by its terms. It is well settled that "[b]ecause arbitration is a matter of contract – 'a matter of consent, not coercion' – parties cannot be compelled to arbitrate any controversy unless they have contractually agreed to do so." *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 701 (Tex. 2023), reh'g denied (June 9, 2023), citing *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 521 (Tex. 2019); *See also, Volt Info. Scis., Inc. v. Leland Stanford Junior. Univ.*, 489 U.S. 468, 478 (1989) ("[I]t is a cardinal principle that arbitration under the FAA 'is a matter of consent, not coercion.'").

As "arbitration is a matter of contract, courts must decide in the first instance whether a valid arbitration agreement exists." *MP Gulf of Mexico, LLC*, 667 S.W.3d at 720. The State was not a party or signatory to the Agreement between Dr. Ludlow and Defendants. No valid arbitration agreement therefore exists between the State, the real party in interest, and Defendants. The State cannot be compelled to arbitrate this *qui tam* action.

---

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                                 5

Defendants are silent on this issue. Defendants' motion repeatedly states that Defendant Bear Creek and Dr. Ludlow entered into the agreement and agreed to arbitrate their employment disputes, but never once addresses the fact that the State was not a party to that agreement. Def. Mtn. at 3, 4, 6, 7. Defendants further include reference to the Agreement's "Parties Subject to Arbitration" clause and note that the only parties within the scope of that paragraph are Dr. Ludlow and "every Bear Creek Defendant named in this lawsuit . . . because each one of them are a 'person and/or entity related to or affiliated with the PA." Def. Motion at 9-10. Defendants admit that this list of parties does not include the State.

The government cannot be compelled to arbitrate a *qui tam* claim where the government was not a party to the agreement. *See, e.g.*, *Pain Mgmt. Specialist Med. Group*, 58 Cal. App. 5th at 1070 ("Here the State cannot be compelled to arbitrate this qui tam IFPA action because it is not a signatory to the contracts . . . Thus, a party cannot be required to submit to arbitration a dispute that he has not agreed to submit."); *My Left Foot Children's Therapy, LLC*, 2016 WL 3381220, at *5 ("Defendants, in short, seek to compel arbitration of claims in which the government has a 'substantial right' that is 'represented in litigation by another,' but which the government never agreed to arbitrate . . . . Extending the arbitration agreement to cover the non signatory federal and Nevada governments would stretch the agreement beyond its scope.").

The State cannot be bound by an arbitration agreement that it was not a party to and never signed.

## IV. THE SCOPE OF THE AGREEMENT DOES NOT COVER A TMFPA CLAIM.

TMFPA claims do not fall within the scope of this Agreement. The TMFPA unlawful acts alleged to have been committed by Defendants did not arise from or relate to, nor were they in any way connected to, Dr. Ludlow's employment relationship with Defendants.

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                6

The Agreement's Scope of Arbitration at Section 11.1 is limited to "any controversy or claim arising out of or relating to the termination and/or enforcement of this Agreement, or to Dentist's services for the PA pursuant to this Agreement" and continues to include "alleged violations of federal, state, or local statutes *applicable to the relationship of the Parties* pursuant to this Agreement." Def. Motion Exhibit B at pg. 12. (emphasis added). It is axiomatic that the unlawful acts alleged to have been committed by Defendants – concerning upcoding and performance of medically unnecessary dental procedures - are unrelated to the employer-employee relationship between Defendants and Dr. Ludlow.

Where "facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contact, the claim is not subject to arbitration." *Pennzoil Co. v. Arnold Oil Co., Inc.* 30 S.W.3d 494, 498 (Tex. App—San Antonio 2000, orig. proceeding).[5] *See also, Star Sys. Int'l Ltd. v. 3M Co.*, No. 05-15-00669-CV, 2016 WL 2970272, at *3 (Tex. App.—Dallas May 19, 2016, no pet.) (affirming trial court's denial of motion to compel arbitration where claims against former employees who were not parties to an arbitration agreement stood alone and could "be maintained without reference to" the agreement).

Federal courts have also determined that the government cannot be compelled to arbitrate federal FCA cases because the *qui tam* claims are outside the scope of an arbitration agreement. The Ninth Circuit in *My Left Foot Children's Therapy, LLC,* denied the defendant employer's motion to compel arbitration, finding "that the plain text of [the] arbitration agreement does not

---

[5] Defendants rely on *Pennzoil* in their Motion for the proposition that when the "facts alleged" are "factually intertwined" with the contract subject to the arbitration provision, "the claim is within the scope of the agreement and is arbitrable." (Def. Motion at 8) But Defendants tellingly omitted the exception to this rule found in the next line of that decision: "*However, if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract, the claim is not subject to arbitration.*" *Pennzoil,* 30 S.W.3d at 498 (emphasis added).

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                                7

encompass the FCA case." *My Left Foot Children's Therapy, LLC,* 871 F.3d at 794. In that case, relator, a speech therapist, filed an FCA case alleging that her employer, the defendant therapy company, provided and billed for unnecessary treatment. *Id.* at 794-95. The Ninth Circuit determined that the "FCA suit [had] no direct connection with [relator's] employment because" she could have filed the *qui tam* case even if she had never been employed by the defendant. *Id.* at 799. The court relied on the holding of two prior cases finding that tort claims for sexual assault did not arise from, did not relate to, and were not connected within the meaning of arbitration provisions solely because the assaults occurred at those plaintiffs' employers' workplaces or would not have occurred but for those plaintiffs' employment. *See, Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1218 (11th Cir. 2011) and *Jones v. Halliburton Co.,* 583 F.3d 228, 240 (5th Cir. 2009.). *See also, Mikes v. Strauss,* 889 F. Supp. 746 (S.D.N.Y. 1995) (denying defendants' motion to compel arbitration of a *qui tam* case alleging improper billing, finding that the claims were not covered by the arbitration agreement which was solely related to the terms of relator's employment providing pulmonary care for the defendant-employer medical practice).

Similarly, this TMFPA claim has no connection with Dr. Ludlow's employment. Defendants engaged in the alleged fraudulent conduct absent any relationship with Dr. Ludlow, and the legal basis of this TMFPA case would exist regardless of Dr. Ludlow's employment. Relator's claims include that Defendants performed medically unnecessary dental services and billed for dental services that were not provided, conduct which arises out of and relates solely to Defendants' alleged unlawful acts and is unrelated to the terms of Dr. Ludlow's employment. Relator's TMFPA claims alleged here are independent of the employment relationship between Dr. Ludlow and Defendants, and therefore, do not fall within the scope of the Agreement.

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                                                         8

## CONCLUSION

The State is the real party in interest in this TMFPA enforcement action, and the State objects to arbitration. Further, the State was not a party or signatory to the arbitration agreement between Dr. Ludlow and Defendants, and therefore, the State should not be compelled to arbitrate the TMFPA claims in the instant case.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**ELIZABETH J. BROWN FORE**
Chief, Healthcare Program Enforcement Division

*/s/ Ryan D. Lee*
RYAN D. LEE
Assistant Attorney General
State Bar No. 24133184

LYNNE KURTZ-CITRIN
Assistant Attorney General
State Bar No. 24081425

JESSICA L. WELTGE
Assistant Attorney General
State Bar No. 24118585

Office of the Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation

9

Austin, Texas 78711-2548
Phone: (713) 225-8908
Ryan.Lee@oag.texas.gov
Lynne.Kurtz-Citrin@oag.texas.gov
Jessica.Weltge@oag.texas.gov

**ATTORNEYS FOR THE STATE OF TEXAS**

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                                    10

**CERTIFICATE OF SERVICE**

I certify, on July 22, 2024, a true and correct copy of the foregoing **State of Texas's Statement of Interest in Response to Defendants' Motion to Compel Arbitration and Stay Litigation** was served on counsel of record via electronic mail in accordance with the Texas Rules of Civil Procedure.

*/s/ Ryan D. Lee*
Assistant Attorney General

The State of Texas's Statement of Interest in
Response to Defendants' Motion to Compel
Arbitration and Stay Litigation                    11

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Enedina Flores on behalf of Jessica Weltge
Bar No. 24118585
dina.flores@oag.texas.gov
Envelope ID: 90041676
Filing Code Description: Response
Filing Description: STATE OF TEXAS'S STATEMENT OF INTEREST/ TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION
Status as of 7/22/2024 4:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jerry CAlexander | | alexanderj@passmanjones.com | 7/22/2024 3:35:39 PM | SENT |
| Michaelle Peters | | mpeters@scottdoug.com | 7/22/2024 3:35:39 PM | SENT |
| Sheryl Chandler | | chandlers@passmanjones.com | 7/22/2024 3:35:39 PM | SENT |
| Debbie Rima | | drima@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| Luis Garcia | | lgarcia@scottdoug.com | 7/22/2024 3:35:39 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 7/22/2024 3:35:39 PM | SENT |
| Rhonda Rodriguez | | rhonda.rodriguez@oag.texas.gov | 7/22/2024 3:35:39 PM | SENT |
| Jessica Weltge | 24118585 | Jessica.Weltge@oag.texas.gov | 7/22/2024 3:35:39 PM | SENT |
| Andrew Sommerman | | andrew@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| John Lynch | | John.Lynch@lewisbrisbois.com | 7/22/2024 3:35:39 PM | SENT |
| Rebecca Neumann | | rneumann@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| D. Hunter Polvi | | polvih@passmanjones.com | 7/22/2024 3:35:39 PM | SENT |
| Lanessa LCoppock | | coppockl@passmanjones.com | 7/22/2024 3:35:39 PM | SENT |
| Rita Paredes | | Rita.Paredes@lewisbrisbois.com | 7/22/2024 3:35:39 PM | SENT |
| Roshni Rana | | rrana@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| Dallas E-Service | | dal.e-storage@lewisbrisbois.com | 7/22/2024 3:35:39 PM | SENT |
| Chris Davis | | cdavis@grayreed.com | 7/22/2024 3:35:39 PM | SENT |
| Angela LaughlinBrown | | abrown@grayreed.com | 7/22/2024 3:35:39 PM | SENT |
| Christopher Ayres | | csayres@ayreslawoffice.com | 7/22/2024 3:35:39 PM | SENT |
| R. JackAyres | | rjayres@ayreslawoffice.com | 7/22/2024 3:35:39 PM | SENT |
| George Quesada | | quesada@textrial.com | 7/22/2024 3:35:39 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Enedina Flores on behalf of Jessica Weltge
Bar No. 24118585
dina.flores@oag.texas.gov
Envelope ID: 90041676
Filing Code Description: Response
Filing Description: STATE OF TEXAS'S STATEMENT OF INTEREST/ TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION
Status as of 7/22/2024 4:13 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| George Quesada | | quesada@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| Sean McCaffity | | smccaffity@textrial.com | 7/22/2024 3:35:39 PM | SENT |
| Melissa Fowlkes | | mfowlkes@grayreed.com | 7/22/2024 3:35:39 PM | SENT |
| Debbie Whatley | | filings@ayreslawoffice.com | 7/22/2024 3:35:39 PM | SENT |
| Mason Wimberley | | Mason.Wimberley@lewisbrisbois.com | 7/22/2024 3:35:39 PM | SENT |
| Jenny Lopez | | jlopez@cjsjlaw.com | 7/22/2024 3:35:39 PM | SENT |
| Andrew B.Sommerman | | asommerman@textrial.com | 7/22/2024 3:35:39 PM | ERROR |
| Ryan Lee | 24133184 | ryan.lee@oag.texas.gov | 7/22/2024 3:35:39 PM | SENT |
| Angie Richardson | | Angie.Richardson@lewisbrisbois.com | 7/22/2024 3:35:39 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 7/22/2024 3:35:39 PM | SENT |
| Craig D.Cherry | | ccherry@cjsjlaw.com | 7/22/2024 3:35:39 PM | SENT |
| Jenn Haring | | jharing@cjsjlaw.com | 7/22/2024 3:35:39 PM | SENT |
| Becky Perry | | bperry@cjsjlaw.com | 7/22/2024 3:35:39 PM | SENT |
| Justin Allen | | ccherry@cjsjlaw.com | 7/22/2024 3:35:39 PM | SENT |

Associated Case Party: D.R.T.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jane Webre | | jwebre@scottdoug.com | 7/22/2024 3:35:39 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie MacMillan on behalf of D. Hunter Polvi
Bar No. 24083674
macmillans@passmanjones.com
Envelope ID: 102499304
Filing Code Description: Response
Filing Description: Response in Opposition to Appellants' Motion to Abate
Status as of 6/27/2025 7:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michaelle Peters | | mpeters@scottdoug.com | 6/26/2025 5:52:34 PM | SENT |
| Jane Webre | | jwebre@scottdoug.com | 6/26/2025 5:52:34 PM | SENT |
| Luis Garcia | | lgarcia@scottdoug.com | 6/26/2025 5:52:34 PM | SENT |
| Christopher Davis | 24050483 | cdavis@grayreed.com | 6/26/2025 5:52:34 PM | SENT |
| Andrew Sommerman | 18842150 | andrew@textrial.com | 6/26/2025 5:52:34 PM | SENT |
| Jerry Alexander | 993500 | alexanderj@passmanjones.com | 6/26/2025 5:52:34 PM | SENT |
| Craig Cherry | 24012419 | ccherry@cjsjlaw.com | 6/26/2025 5:52:34 PM | SENT |
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 6/26/2025 5:52:34 PM | SENT |
| Christopher Ayres | 24036167 | csayres@ayreslawoffice.com | 6/26/2025 5:52:34 PM | SENT |
| Rowe Ayres | 1473000 | rjayres@ayreslawoffice.com | 6/26/2025 5:52:34 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 6/26/2025 5:52:34 PM | SENT |
| D. HunterPolvi | | polvih@passmanjones.com | 6/26/2025 5:52:34 PM | SENT |